JACOB WILLIAMS

*v.*

THE GERMAN MUTUAL FIRE INSURANCE COMPANY OF
NORTH CHICAGO.

1. VARIANCE—*note in German not so described.* Where the declaration described the notes sued on according to their tenor and effect, without stating in what language they were written, the fact that the notes are in the German language will not constitute a variance. If described as made in the English language, the objection of variance might have been well taken.

2. INSURANCE—*evidence of assessment on note given for insurance.* Where the charter of an insurance company made the certificate of the secretary *prima facie* evidence in case an action was brought for the recovery of any assessment, it was *held,* in an action upon a note payable in assessments given for insurance, that the secretary's certificate was *prima facie* evidence of a *valid* assessment and the amount thereof, and that such certificate was intended to relieve the company from preliminary proof as to risks, losses and assets, in order to show the right to levy the assessment.

3. SAME—*validity of assessment—one director absent.* It was urged that an assessment made upon notes given an insurance company was invalid, because made at an extra meeting of the board of directors, when one of the directors was absent, and had not been personally notified of the meeting. It appeared that the secretary left either a written or a verbal notice of the meeting for this director, at his place of business, with his brother. The by-laws required such notice to be given "by mail or other ways:" *Held,* that the notice to the director was sufficient.

4. EVIDENCE—*secondary, of notice.* In an action to recover assessments upon notes given for insurance, the court admitted in evidence the duplicate notice of the assessment, without notice to produce the original being shown, and oral proof of the address upon the envelop containing the notice sent by mail, against objection: *Held,* that there was no error in admitting the evidence, as notice to produce a notice is not necessary in

388 WILLIAMS *v.* GERMAN MUT. FIRE INS. CO. [Sept. T.

Opinion of the Court.

order to admit secondary evidence *of its contents,* and *the* address on the envelop might be regarded as a portion of the notice.

5. ASSESSMENT ON INSURANCE NOTE. Where the notice of an assessment upon an insurance note showed that the assessment was made by the company, when the directors alone were authorized to make the same, it was *held* no objection to the assessment, as in legal effect it was the same thing.

APPEAL from the Superior Court of Cook county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. GEORGE W. PARKES, for the appellant.

Messrs. BARBER & LACKNER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by the German Mutual Fire Insurance Company of North Chicago against Jacob Williams, upon two premium notes as follows:

"For value received in policy No. 489, dated the 17th day of March, 1868, issued by the German Mutual Fire Insurance Company of North Chicago, I promise to pay to said company (or treasurer for the time being) the sum of $125, in such portion and at such time or times as the directors of said company may, agreeably to their act of incorporation, require.

  $125.        "JACOB WILLIAMS."

"For value received in policy No. 489, dated the 21st day of June, 1870, issued by the German Mutual Fire Insurance Company of North Chicago, I promise to pay to said company (or treasurer for the time being) the sum of $62.30, in such portions and at such time or times as the directors of said company may, agreeably to their act of incorporation, require.

  $62.30.        "JACOB WILLIAMS."

The company recovered in the court below, and the defendant appealed.

The first assignment of error is, the admission by the court below of the notes in evidence, because they were in the

German language, and not declared upon as made in that language.

Had the notes been described in the declaration as made in the English language, the objection of variance might have well lain; but as they were not so described, the objection is not tenable. They are none the less notes made by the defendant, as described in the declaration, although he saw fit to write them in a foreign language.

A certificate of the secretary of the company was introduced in evidence of an assessment on September 13, 1872, of $181.35 on the notes in suit. The secretary testified that the risks of the company at the time of the fire of Oct. 9, 1871, in Chicago, were over $2,000,000; that the losses by the fire were over $1,500,000, and the assets of the company about $28,000.

The witness stated that he was familiar with the portion of the city the insurance was in, and that the greater part of the property insured was destroyed by the fire; that he derived his knowledge of the assets from the books of the company, and notes, books and papers.

The admission of the above oral evidence of the secretary is next assigned as error, and that there was no competent proof of losses and expenses requiring an assessment. The witness' means of knowledge were not wholly derived from the books of the company. Besides, the charter of the company has the provision, that in case an action is brought for the recovery of any assessments due the company, the certificate of the secretary of the company, stating the amount of assessment, shall be taken and received as *prima facie* evidence in all courts and places whatsoever. We understand the certificate to be made *prima facie* evidence of a valid assessment, and the amount thereof; that the certificate was intended to relieve the company from preliminary proof as to risks, losses and assets, in order to show the right to levy the assessment. We are of opinion the proof sufficiently showed the necessity of the assessment.

It is next objected, that the assessment was not valid, because one of the directors, Culling, was absent at the extra meeting whereat the assessment was made, and was not notified of the meeting. All the directors except Culling were present. The secretary testifies, that he left either a written or verbal notice of the meeting for this director at his place of business, his butcher shop, with his brother. A by-law of the company provides that the secretary shall give all directors notice of extra meetings by mail, or in other ways. To charge an indorser upon dishonor of a bill, it is held sufficient to send verbal notice to a merchant's counting-house, without leaving a written one. Chit. Bills, 487. The language of the by-law is sufficiently broad to embrace any mode of notice recognized by the law. We regard it as sufficient in this case.

It is objected that the assessment was invalid, for the reason that the directors who made it were personally interested therein, as, by the charter, the persons insured were members, and the directors are required to be chosen from among the members. It is sufficient to say, that the assessment is authorized and required by the law to be so made by the directors.

It is insisted upon as error, that the court below admitted in evidence the duplicate notice of assessment, without giving notice to produce the original, and in admitting oral proof of the address upon the envelop containing the notice sent by mail. Notice to produce a notice is not necessary in order to admit secondary evidence of its contents. The address on the envelop may be regarded as a portion of the notice, showing to whom it was directed.

It is objected that the board of directors alone have the power to make assessments, and that the copy of the notice introduced in evidence shows the assessment to have been made by the company itself, instead of by the board of directors. In legal effect this is the same.

Interest was properly allowed, there being written contracts for payment of money.

What has been said will sufficiently dispose of the objections in regard to instructions.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*