First District—March Term, 1896. 325

Prairie State Loan and Bldg. Ass'n v. Gorrie.

64  325
,167s 414

# Prairie State Loan and Building Association v. Henry Gorrie.

1. BUILDING AND LOAN ASSOCIATIONS—*Liable for the Acts of the Secretary.*—A building and loan association is liable for whatever fraud or wrong its secretary commits upon its stockholders while acting within the scope of his apparent authority.

2. SAME—*Secondary Proof of Notice of Withdrawal.*—In an action against a building and loan association for money due on withdrawal, notice to the association to produce the notice of withdrawal served upon it is not necessary in order to let in secondary evidence of such notice.

**Assumpsit,** for money had and received. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

KRAFT, WILLIAMS & KRAFT, attorneys for appellant.

F. L. SALISBURY, attorney for appellee.

A corporation has notice of facts which come to the knowledge of its officers or agents while engaged in the business of the corporation, provided those facts pertain to that branch of the corporate business over which the particular officer or agent had some control. Cook on Corporations, Sec. 727; Sangamon Coal & M. Co. v. Wiggerhans, 122 Ill. 279.

The business of corporations can only be carried on through their officers, agents and servants; they are bound, in their ordinary affairs, by the acts and admissions of their officers, agents and servants. L. S. & M. S. Ry. Co. v. B. & O. & C. R. R. Co. 149 Ill. 289.

They are presumed to have agents and servants acting for them in the usual course of dealing within their powers, and their acts should bind their principals. Ryan v. Dunlop, 17 Ill. 45.

A corporation is liable on one of its notes in the hands of a *bona fide* purchaser before maturity, when it is signed by an officer authorized generally to give notes in its behalf;

326    APPELLATE COURTS OF ILLINOIS.

VOL. 64.]    Prairie State Loan and Bldg. Ass'n v. Gorrie.

though such officer, in signing the particular note in question, exceeded his authority or the powers of the corporation. Merchants Nat. Bank v. Citizens G. L. Co., Vol. 38 Cent. Law Journal, p. 45.

A principal is liable to third persons for misfeasances, negligence and omissions of duty of agent, leaving him his remedy against the agent. And such liability extends to private corporations. Story on Agency (8th Ed.), 400, 401; Taylor v. Taylor, 20 Ill. 652; President, etc., Manhattan Co. v. Lydig, 4 Johns. (N. Y.) 374; Angell & Ames, Corporations, 364.

Corporations carrying on business for profit are equally liable for the fraud of their agents with other principals. Evans' Law of Principal and Agent, 470.

The association is liable to third parties for whatever the agent does or says, whatever contracts, representations or admissions he makes, whatever negligence he is guilty of, and whatever fraud or wrong he commits, provided the agent acts within the scope of his apparent authority. Thompson on Building Associations, Sec. 3, p. 53.

Mr. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The question in this case, is, which of two innocent parties shall suffer by the fraud of another. Jacob David was secretary of the appellant; the appellee held shares in three series of stock of the association.

There is a new series quarterly, beginning in January, if the prospectus of the association is strictly followed, but in fact the fourteenth series was issued in the last quarter of 1886, and in the last quarter of 1890, the series was number only twenty-nine. In the fourteenth series one Van Cleef held twenty shares upon which, in October, 1890, he had (we infer) paid $490, being $10 each month from October, 1886, to October, 1890, both included. In October, 1890, David told the appellee that the association had twenty shares of the fourteenth series for sale—which well might have been true, in effect, under Sec. 6, of the act of 1879,

" Homestead Loan Associations," but seems to have been false in fact—and that it would cost $575. Two days later David brought to the appellee a certificate for the shares, which in fact, had been issued, as shown by the books of the association, upon an original taking by the appellee of twenty shares in the twenty-ninth series but which certificate David changed by erasing " 29 " in the body of the certificate and inserting " fourteenth," thereby implying that it was stock upon which $490 had been paid, and which was entitled to share in the accrued profits of forty-nine months. With the certificate David delivered to the appellee a pass book, such as it seems was the custom of the association to supply to its shareholders, in which their credits were entered, made out to the appellee, purporting that he had twenty shares in the fourteenth series with a credit of $490 on a transfer from Van Cleef. The appellee paid David $572.75, and thereafter continued to pay $10 each month upon the shares, without notice of the fraud until the fall—the exact date is not fixed—of 1892. He continued to pay, after notice, until April, 1893, but insisting that his payments were upon the fourteenth series.

At the time he received the certificate the appellee noticed the erasure, but thought nothing of it, and said nothing to David about it. The certificate was signed by the president, as well as by David as secretary, and stated, without erasure, that the stock was issued October 14, 1886, which could have been true only of the fourteenth series.

Van Cleef surrendered his stock to the association in October, 1892. He and the appellee had no communication with each other; did not know each other. The money David received from the appellee did not go to Van Cleef, nor to the association. The association did not discover the fraud until September, 1892.

It is a fair inference that David took out the certificate, paying for October and November ($20) himself, in the name of the appellee, and without his knowledge, and pretended to sell to the appellee the stock of Van Cleef nearly two years before he surrendered it. The question is—as

before stated—which of these two innocent parties shall suffer by the fraud of David.

Presumably it was a duty of the secretary, David, to prepare all certificates for shares.

A blank printed on the backs of certificates held him out as the proper person to be authorized as attorney for the shareholder to transfer or cancel shares on the books of the association.

The word "fourteenth," written upon an erasure, was no cause for suspicion, being explained by the statement at the top of the certificate that the stock was issued October 14, 1886, which could be true only of the fourteenth series. How David avoided notice of that statement by the president does not appear. It is matter of common knowledge that the dealings between building associations and their members are mainly through the secretary. During part of the period of these transactions the office of the company was at the house of David.

We hold that the association must bear the consequences of his fraud. The appellant's brief questions the sufficiency of the pleadings to fit the case, but no such question was raised below, where, if there had been any valid objection, it might have been removed by amendment. It is now too late. Citizens G. & H. Co. v. Granger, 19 Ill. App. 201; 118 Ill. 266; Hess v. Rosenthal, 55 Ill. App. 324.

It is also objected that the appellee was allowed to prove his notice of withdrawal under Sec. 6 of the act by a copy, without sufficient notice to the appellant to produce the original. As the association denied that he held shares in the fourteenth series, it is not certain that he was required to give any notice of withdrawal; and if he was notified, to produce a former notice is not necessary to let in secondary evidence. Brown v. Booth, 66 Ill. 419; Williams v. Ger. Mut. Ins. Co., 68 Ill. 387.

There is no dispute or doubt about the facts, and as upon them we hold that the appellee is entitled to recover, it is unnecessary to consider the instructions, and the judgment in favor of the appellee for the value of the twenty shares as of the fourteenth series, is. affirmed.