AMERICAN GUARANTY FUND MUTUAL INSUR-
ANCE COMPANY, Respondent, v. ERIK MATT-
SON, Appellant.

**St. Louis Court of Appeals, March 17, 1903.**

1. **Insurance: INSURANCE NOTE: ASSESSMENT.** It is held in this case that plaintiff company is a mutual fire insurance company organized under the provisions of chapter 119, article 6, Revised Statutes 1899, vol. 2, page 1857, and that the note in evidence was assessable at the time the board of directors made the assessment, and that defendant was notified of the assessment in the manner and by the means provided for by section 7960, Revised Statutes 1899.

2. ———: ———: EVIDENCE: PRESUMPTION: PRIMA FACIE EVIDENCE. In this case both the statute (section 7960) and the note in evidence, committed to the board of directors the duty of determining when the necessities of the company required an assessment to be made, and the order making the assessment was at least prima facie evidence of the necessity for making the order, and the burden was on defendant to show affirmatively that it did not exist.

Appeal from St. Louis City Circuit Court.—*Hon. War-
wick Hough,* Judge.

AFFIRMED.

STATEMENT.

This suit was brought before Justice Spaulding in the city of St. Louis on the following premium note: "483.75.

"For value received, in Policy No. ............, dated the 20th day of February, 1894, issued by the American Guaranty Fund Mutual Fire Insurance Co.,

of St. Louis, I promise to pay said company (or their treasurer for the time being) the sum of four hundred and eighty-three dollars and seventy-five cents, in such proportions and at such times as the directors of said company shall deem the same requisite for payments of losses and expenses as required and provided by charter of company and laws of the State of Missouri, and this note is a lien upon the property insured.

"The company is authorized to insert the number and date in this note.

"ERIK MATTSON."

Indorsed on back:

"No. 342 $483.75—Received 10 per cent........$48.37
   483.75—Received assessment No. 1....48.37
    96.74—5 per cent amount due, $24.18 (in
     pencil)

face of note 387.01 (in pencil)"

The justice described the suit in the summons issued by him as founded upon an insurance policy. The justice or his clerk was led into this error by the fact that the note and the application for the insurance policy were both on one paper.

The cause was taken from Justice Spaulding to Justice Cline. After the cause had reached Justice Cline's court, plaintiff filed a petition praying for judgment on the note. On the trial plaintiff recovered judgment for $24.18, from which it appealed to the circuit court.

On the trial in the circuit court, plaintiff introduced the note and the following resolution of the board of directors of plaintiff:

"Resolved, that in order to settle the losses insured against and the expenses and other liabilities of the company, an assessment of fifteen per cent be, and hereby is levied upon each and every premium note given by persons effecting insurance in this company, and said assessment is made upon each and every note above

described, which has been in existence for one year prior to this date, and the secretary is hereby ordered to publish such newspaper notice and mail and deliver such written or printed notice to makers of said notes as is required by law.

"The premium notes to be assessed under the above resolutions are numbered 1 to 852, 1001 to 1174, C103 to C139, 1251 to 2215, and D101 to D167, all inclusive.

"The full aggregate amount of all the premium notes on which this assessment is levied is $112,922.91.

"The amount of losses adjusted and unpaid is $17,992.21.

"The amount of losses claimed and unadjusted is 'nil.'

"The amount of expenses accrued and unpaid is $350.

"The amount of cash on hand is $1392.75."

Proof was made of the publication on June 21, 1901, of the following notice in the Post-Dispatch, a newspaper published in the city of St. Louis:

"Notice is hereby given that an assessment of fifteen per cent was, on the 25th day of September, 1899, by the American Guaranty Fund Mutual Fire Insurance Company of St. Louis, levied on each and every premium note given said company by persons effecting insurance in said company, and which had been at that date in existence for one year prior thereto, to-wit: notes given for policies numbered from 1 to 852 and from 1001 to 1174, Nos. 1251 to 2215, Nos. C103 to C131 and Nos. D101 to D167, all inclusive. Said assessment was levied for the purpose of settling the losses insured against and the other expenses and liabilities of the company. The full aggregate amount for which all the premium notes held by the company were given upon which this assessment was made, was $112,922.91. The amount of losses adjusted and unpaid was $17,992.21. The amount of expenses accrued and unpaid was $350. The amount of losses claimed

and unadjusted was nothing. The amount of cash on hand was $1392.75."

Also proof that a copy of said notice with the following memorandum added thereto: "And you are hereby notified that under said assessment $24.18 is due said company upon your note given for Policy No. 342," was duly mailed to the defendant at the time of its publication in the Post-Dispatch.

The president of the company testified that prior notices of the assessment had been made out and mailed to the defendant; but it was thought they were not full enough to comply with the requirements of the statute, and for this reason the above notice had been published and mailed to the defendant. He testified, further, that some of the members, including the defendant, had a short time prior to the making of the fifteen-per-cent assessment paid a ten-per-cent assessment, while others had not, and that it was concluded to give all members who had paid the ten-per-cent assessment a credit of that amount on the fifteen-per-cent assessment, and for this reason defendant was notified to pay five per cent instead of fifteen per cent of his note. He also testified that he had counted all the premium notes held by the company when the assessment was made; that they amounted to $112,922.91; that he counted the losses that had been proved up and adjusted at the time and they amounted to $17,992.21, and that unpaid expenses accrued, amounted at that time to $350; that the guarantors of the company had furnished or loaned the company $18,000 to pay these losses and expenses and that they looked to the assessment for reimbursement. On cross-examination he was asked to produce the premium notes which formed the basis of the assessment. He said that it was impossible to do this for the reason many of them had since matured and had been taken up.

Defendant testified that the first notice he had of the assessment was when the summons in this suit was served on him by the constable.

At the close of the evidence the defendant offered an instruction in the nature of a demurrer to the evidence which the court refused. After the court had given its instructions, the defendant's counsel objected to the time allowed by the court for counsel to argue the case before the jury and asked for further time. The court replied:

"No, all the jury wants is the amount of the note and the amount of the credits, so that they can make a memorandum of it."

During his argument to the jury defendant's counsel said:

"Now, gentlemen, the court instructs you that you are bound to find from the evidence, before you can find for the plaintiff, that the assessment was absolutely necessary in this case. Now, I submit to you that they have not shown upon the evidence here that an assessment was necessary to pay these losses."

The Court: "That is not the instruction of the court. You did not read that."

Mr. Kammerer: "Yes, sir."

The Court: "If the directors deemed it necessary, it ought to be."

Mr. Kammerer (reading the first instruction as given by the court): "The court instructs the jury that if they believe from the evidence . . . that said assessment was necessary in order to settle losses," etc.

The Court: "The instruction should read, 'That the directors deemed it necessary.'"

A timely motion for a new trial was filed which the court overruled; whereupon defendant perfected his appeal to this court.

*Arthur E. Kammerer* for appellant.

(1) It was incumbent on plaintiff to show that the board of directors authorized and directed suit to be brought for the whole amount of the note, i. e., the

penalty for failure to pay the assessment. Sec. 7960. R. S. 1899; Jones v. Sisson, 6 Gray 288. (2) Plaintiff failed to prove that the assessment was levied "as required and provided by the charter of the company," as stipulated in the premium note. Rand v. Ins. Co., 58 Ill. App. 665; May, Ins., sec. 557. (3) Defendant's undertaking was not absolute, but conditional. The burden was on plaintiff to show by competent proof that the assessment was necessary to settle the losses insured against, and the expenses and other liabilities of the company. Ins. Co. v. Guse, 49 Mo. 329; Ins. Co. v. Linchey, 3 Mo. App. 588; Ins. Co. v. Schmidt, 19 Ia. 502; Thomas v. Whallon, 31 Barb. 172; Ins. Co. v. Comfort, 50 Miss. 662; May, Ins., sec. 557.

*Waddill & Hereford* for respondent.

(1) The evidence showed not only a right, but a duty, on the part of respondent to levy the assessment offered in evidence. Sec. 7960, R. S. 1899. (2) The notices of assessment given were strictly in accordance with the statute governing such notices and set out every item required and in the form required. Sec. 7960, R. S. 1899. (3) This is not a suit for a penalty. The notes of an assessment insurance company taken at their face value, stand in the place of capital stock, and are the sole security for payment of losses of policyholders. To deny the right of respondent to collect the face of the note would be to destroy the usefulness of this character of companies. Their license or right to do business in the State is predicated upon the liability of the note-makers for the full face of their notes. Sec. 7958, R. S. 1899.

BLAND, P. J.—1. From what we can pick out of the record, and from the briefs of counsel, we assume that the plaintiff is a mutual fire insurance company, organized under chapter 119, article 9, Revised Stat-

utes 1899, 2 vol., p. 1857, having its chief office in the city of St. Louis.

The note was assessable at the time the board of directors made the assessment, and the uncontradicted evidence is that defendant was notified of the assessment in the manner and by the means provided for by the statute (sec. 7960). The section further provides that "if any person shall for thirty days after the mailing and publication of the notice fail to pay the assessment, the directors of the company may sue for and recover the whole of the note." The president of the company testified that a great many persons who were assessed by the board failed to pay the assessment and that the board ordered him to take those notes and employ Waddill & Hereford, a law firm, to sue for and collect the full amount of the notes and that he was proceeding under that instruction.

Defendant contends that the plaintiff did not show that the condition of the affairs of the company created a necessity for making the assessment. Both the statute (sec. 7960) and the note committed to the board of directors the duty of determining when the necessities of the company required an assessment to be made, and, hence, the order making the assessment was at least prima facie evidence of the necessity for making the order and the burden was on defendant to show affirmatively that it did not exist.

2. Defendant objected to the order making the assessment and the notice, on the ground that they were not full enough. The order and the notice stated the gross amount of premium notes held by the company subject to assessment, the amount of losses that had been adjusted, but not paid, and the amount of unpaid expenses. We think this was sufficient, that it was not necessary to incorporate in the order and notice an inventory of the notes, or a schedule of the unpaid losses as contended for by the defendant.

3. Because the guarantors of the company (authorized by sec. 7958, R. S. 1899) had advanced the money and paid the losses, defendant contends there was no necessity for the assessment and that the company was not indebted. This effected a change in the form of the liability, but did not extinguish or lessen the liability. Authority is given under section 7960, supra, to levy an assessment to pay any liability of the company.

The uncontradicted evidence in the case shows that every step necessary to be taken to mature defendant's note was taken, and regularly and legally taken by the company. The defenses interposed are without the semblance of merit and the judgment is so manifestly for the right party that it should be affirmed regardless of any error that may have intervened at the trial. Hence, we refrain from a discussion of errors alleged to have intervened just before and during the argument of the cause by defendant's counsel to the jury, and affirm the judgment. *Reyburn, J.*, and *Goode, J.*, concur.