### STONE v. PENN YAN, K. P. & B. RY.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

1. INSURANCE—FOREIGN INSURANCE COMPANIES—TRANSACTING BUSINESS IN STATE.

A foreign assessment insurance company with its home office in the state of its origin issued policies there to a domestic corporation on applications sent by mail to the home office by the treasurer of the domestic corporation, either from his home in a sister state or from New York. The policies were sent by mail either to the company in New York or to its treasurer in the sister state. *Held*, that the insurance company did not transact business in New York within the meaning of the insurance law, and a receiver of the insurance company might resort to the courts of New York to enforce the liability for assessments.

2. SAME—ASSESSMENTS—RIGHTS OF POLICY HOLDERS.

Where policies issued by an assessment insurance company stipulated that, if the premium charged was insufficient to pay losses, the directors might charge a pro rata additional sum to make up the deficiency, etc., an assessment made by the directors, or by the court through its receiver on the insolvency of the company, was prima facie evidence of a necessity thereof and that the amount thereof was proper.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 94.]

Appeal from Trial Term, Yates County.

Action by T. W. Stone, as receiver of the Electric Mutual Casualty Association of Philadelphia, Pa., against the Penn Yan, Keuka Park & Branchport Railway. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Charles A. Hawley, for appellant.
Thomas Carmody, for respondent.

KRUSE, J. The plaintiff, as receiver of the corporation which issued three casualty insurance policies to the defendant street railway company, brings this action to recover the unpaid premiums thereon, and assessments made thereunder, against the defendant. The insurance company was an assessment accident corporation, organized under

the laws of the state of Pennsylvania, having its home office in that state, where the policies were issued. The defendant is a street railroad corporation, organized under the laws of this state, operating an electric railroad between the villages of Pen Yan and Branchport, in the county of Yates. Three policies were issued by the insurance company to the street railroad company, under the following circumstances: The defendant's treasurer resided in the state of Massachusetts; the application for the first policy came from the treasurer at Penn Yan, N. Y., to the insurance company at its home office in the state of Pennsylvania; the insurance company thereupon sent to the defendant, at Penn Yan, N. Y., the insurance policy. The applications for the remaining two policies were sent by the defendant's treasurer from Worcester, Mass., to the insurance company at its home office in the state of Pennsylvania, and the policies were sent by the insurance company to the treasurer of the defendant at Worcester, Mass.. The policies of insurance were executed by the president and secretary of the insurance company at the home office in Pennsylvania. The applications and policies were all sent by mail. The premium on the policies was $600, of which the defendant paid $300, leaving unpaid the sum of $300. Each of the policies contained the provision that the rate upon which the premium was based was 3 per cent. of the gross traffic receipts of the defendant, "and if the fixed premium rate charged by said association shall be insufficient to pay losses, the directors may charge a pro rata additional sum to make up said deficiency, but in no event shall the total amount of premium and liability exceed five per centum of the gross traffic receipts of the assured." One policy was issued in August, 1897; another in September, 1898; and the third in September, 1899. In 1900 the insurance company became insolvent, and was so adjudged by the court of common pleas of Dauphin county, Pa., the plaintiff being appointed receiver thereof. On the 20th day of July, 1903, the court which had atjudged the insurance company insolvent, and appointed the plaintiff as receiver, ordered an assessment to be levied upon all the members, including the defendant, who held assessable policies in the insurance corporation; the assessment being 2 per cent. upon the gross traffic receipts, upon the three policies issued to the defendant, amounting in the aggregate to $1,139.53. Notice of the assessment was served upon the defendant, but it has failed to pay the same, or the $300 unpaid premium.

The insurance company never complied with the requirements of the statutes of this state to enable it to do business in the state, and it is contended on behalf of the plaintiff that it never did any business within the state; that the contracts of insurance in question were made without the state of New York. The defendant challenged the validity of the assessment, as well as the right to maintain the action in the courts of this state. The referee decided adversely to the defendant, and directed judgment in favor of the plaintiff. We agree with the learned referee that the defendant did not transact the business of insurance in this state, within the meaning of the insurance law. The business of issuing the policies in suit was done out of the

state, as the defendant had the right to do, and we think the plaintiff may resort to the courts of this state to enforce the same against the defendant.

As regards the assessments made under the direction of the Pennsylvania court against the defendant upon these policies, it need only be stated here that a similar question was involved in the case of Hammond v. Knox (decided at the present term of court), 109 N. Y. Supp. 367, and was very fully discussed in an opinion by Mr. Justice Spring. In that case the policy was issued by a Massachusetts corporation, and a receiver appointed by a court of that state, an assessment being directed under proceedings similar to that had in this case. It was there held that such an assessment was valid, and binding upon the insured. In this case, the judgment directing the assessment to be made is accompanied by proof and papers, which I think abundantly show the necessity for the assessment, and that the amount thereof was not unreasonable. The policies themselves expressly permit the directors to make an assessment. The receiver acted in the place of the directors, and the assignment was made by the direction of the court. Such an assessment, whether made by the directors themselves or by the direction of a court, ought, at least, to be prima facie evidence of the necessity therefor, and of the proper amount thereof.

The questions involved in this case are very exhaustively discussed by the learned referee in his opinion, and require no further discussion here. We simply add that we think the case was correctly disposed of by the referee, and that the judgment should be affirmed, with costs. All concur.