STATE ex rel. COPPER BUTTE MINES and Another v. WILLIAM F. GUERTIN.[1]

December 18, 1908.

Nos. 15,948—(212).

**Corporation—Election of Officers.**

The articles of a corporation provided that a board of directors should serve for one year, and until their successors were elected and qualified, and that the officers of the corporation should be chosen by the directors at their first meeting after their appointment or election, and hold office for one year, or until their successors are elected and qualified.

*Held*, the stockholders having failed to elect a board of directors at the annual meeting, the hold-over directors were authorized, at a meeting called for that purpose,[2] subsequent to the annual meeting, to elect new officers as the successors of those holding over.

[1] Reported in 119 N. W. 43.        [2] See opinion on page 253.

**Minutes of Meeting—Evidence.**

The minutes of corporation meetings are prima facie evidence only of the proceedings, and parol testimony is admissible for the purpose of proving what actually occurred.

**Mandamus—Delivery of Seal.**

Mandamus is the proper remedy to compel the delivery of the seal, books, and papers of a corporation by a secretary who refuses to deliver them to his successor in office, when it appears that he does not hold them under any color of right to the office.

Upon the application of Copper Butte Mines, a corporation, and Frank Bates to the district court for Hennepin county for a writ of mandamus directed to William F. Guertin requiring the latter to deliver to the petitioner Bates the corporate seal, register of shares, books of account and other property of the corporation, an alternative writ was issued. The answer and return inter alia alleged that the petitioners had a plain, speedy and adequate remedy in the ordinary course of law, and that the writ of mandamus was wholly unauthorized. It did not appear that either minute of the meeting mentioned in the opinion had been recorded in the minute book of the corporation. The matter was heard before Simpson, J., who made findings of fact and ordered a peremptory writ to issue. From an order denying a new trial, defendant appealed. Affirmed.

*Jay W. Crane,* for appellant.

Quo warranto and not mandamus is the proper proceeding to determine the title to the office of secretary. R. L. 1905, § 4557; State v. Williams, 25 Minn. 340; Burke v. Leland, 51 Minn. 355; Brun v. Oftedal, 72 Minn. 498; R. L. 1905, §§ 4543, 4544; 26 Cyc. 353; People v. New York, 122 N. Y. 190; Attorney General v. Looker, 111 Mich. 498; 10 Cyc. 749; People v. Seaman, 5 Denio, 409. And the rule is not changed by joining the corporation as party plaintiff. The title to the office has not been determined in quo warranto proceedings but is in dispute. Therefore mandamus will not lie to determine the title to the office.

Where the record of the acts and proceedings of a private corporation is required by law to be kept, such record constitutes the best evidence of its contents, and parol evidence is not admissible if the record is accessible. 17 Cyc. 505; Supreme Lodge v. Robbins, 70

Ark. 364; Union v. Rocky Mountain, 2 Colo. 565; Hurd v. Hotchkiss, 72 Conn. 472; Trustees v. Shaffer, 63 Ill. 243; Mandel v. Swan, 154 Ill. 177; Tobin v. Roaring Creek & C. R. Co., 86 Fed. 1020; Ramsdell v. Nat. R. & N. Co., 104 Fed. 16; Central Ele. Co. v. Sprague Ele. Co., 120 Fed. 925; Zalesky v. Iowa, 102 Iowa, 512; Roland v. Reading, 161 Pa. St. 102; 3 Enc. Ev. 650. Oral evidence of the proceedings of a corporate meeting, of which a record is shown to be in existence, is inadmissible. Union v. Rocky Mountain, supra.

*Lind, Ueland & Jerome,* for respondents.

The secretary's minutes, even when authentic and approved, are not the sole evidence by which the proceedings of a meeting may be proved. They are merely the best evidence establishing a prima facie case which may be rebutted. Thompson, Corp. § 7739; Van Hook v. Somerville, 5 N. J. Eq. 137; Cameron v. First National (Tex. Civ. App.) 34 S. W. 178; Prothro v. Minden, 2 La. An. 939; Handley v. Stutz, 139 U. S. 417, 442. See also Mudgett v. Horrell, 33 Cal. 25; Fox's Case, 3 De Gex J. & S. 465; Moss v. Averell, 10 N. Y. 449, 453; Langsdale v. Bonton, 12 Ind. 467. In American v. Haven, 101 Mass. 398, a case identically like the case at bar, it was held that "mandamus will lie upon the petition of a private manufacturing corporation, to compel the surrender to its lawful officers of books and papers pertaining to their offices and held by persons actually but unlawfully exercising the functions of those offices under a claim of right, having usurped them under the choice of a minority of the stockholders by the use of illegal votes." State v. Riedy, 50 La. An. 258; High, Ex. Leg. Rem. (2d Ed.) § 74; Proprietors v. Slack, 7 Cush. 226; Ward v. Sasscer, 98 Md. 281; Triesler v. Wilson, 89 Md. 169; Case of Aberystwith, 2 Strange, 1157; Case of Corporation of Scarborough, 2 Strange, 1180; King v. Corporation, 6 East, 356; Fasnacht v. German, 99 Ind. 133; State v. Goll, 32 N. J. L. 285; Strong, Petitioner, 20 Pick. 484; Conlin v. Aldrich, 98 Mass. 557; People v. Steele, 2 Barb. 397.

LEWIS, J.

Proceedings in mandamus, upon the relation of the Copper Butte Mines, a corporation organized under the laws of the territory of Arizona, and Frank Bates, as secretary thereof, against William F.

Guertin, the former secretary, for the purpose of compelling Guertin to turn over to Bates the seal, stock book, and other property of the corporation. The appeal involves three principal questions: (1) The shareholders at the annual meeting in 1908 having failed to elect a board of directors, did the holding-over board of directors have authority, at a special meeting subsequent to the annual meeting, to elect officers to succeed those who were holding over? (2) Was parol evidence admissible to prove that Bates was elected secretary at the special meeting of the directors? (3) Is the action of mandamus the proper remedy?

The articles of incorporation place the management of the business in a board of seven directors, to be selected from their number by the stockholders at the annual meeting, "and said board shall serve for one year and until their successors are elected and qualified." At the annual meeting of June 2, 1908, the stockholders failed to elect a new board of directors, for the reason that no person voted for received a sufficient number of votes. The stockholders having failed, at the annual meeting of June 2, 1908, to elect a new board of directors and new officers for the ensuing year, a meeting of the hold-over board of directors was called on the eleventh of July, 1908, by order of the court, in pursuance of the statute, at which meeting new officers were elected as follows: Eugene B. Crabtree, president; William H. Lucia, vice president; Frank Bates, secretary; and Henry A. Blume, treasurer.

The articles of incorporation provide: " * * * And all officers shall be chosen by the directors at their first meeting after their appointment or election, and shall hold their offices for one year, or until their successors are elected and qualified." A strict construction of this provision is insisted upon. It is claimed that there is no provision for the election of officers by the directors at any other time than the first meeting after their appointment or election; that the first meeting of the hold-over board having taken place immediately after the annual meeting in 1907, at which time Guertin was elected secretary, the power of that board to elect a successor had been exhausted, and therefore Guertin held over until a new board of directors should choose his successor. We are unable to take this view. The articles of incorporation are consistent. The provision

that all officers shall be chosen by the directors at their first meeting after their appointment or election is not mandatory. The hold-over board were possessed of the same powers as would have been enjoyed by a new board, had one been elected at the 1908 annual meeting. The officers of the board are entitled to hold office for the period of one year after election, but after that period are subject to the will of the board of directors. We are of opinion that the directors' meeting called July 11, 1908, for the purpose of electing officers, was a legal meeting, and that the directors at that time had authority to elect the successors of the officers who were then holding over.

2. Appellant insists that there is no evidence in the record that Bates was elected secretary as his successor at the July meeting, for the reason that the minutes of that meeting do not indicate such fact, but, on the contrary, that the minutes indicate that the board of directors did not vote upon the question of electing a secretary. There were two sets of minutes introduced in evidence—one purporting to have been written out by appellant, acting as secretary of the meeting, either during the progress of the meeting or immediately after; and another, claimed to have been subsequently written out by a stenographer under the direction of the secretary from the minutes which he had taken. From these two sets of minutes it appears that a resolution was offered by one of the directors to proceed to an informal ballot for secretary, and that an informal ballot was taken, and that two of the directors, appellant and Jones, refused to vote; but the minutes do not show that any formal ballot was taken. Under these circumstances the trial court received the oral testimony of three of the directors, who were present at the meeting, to the effect that a formal ballot was taken, that Bates was formally voted for and declared elected, and that the minutes were incomplete and did not state all the facts. The ruling of the trial court was correct. It was apparent, upon the face of the minutes as kept and transcribed, that they were incomplete. That they did not contain all the facts relative to the election is clearly disclosed by the testimony received on behalf of appellant himself, and under such circumstances records of that character cannot be treated as conclusive evidence of what transpired. Minutes of corporation meetings are only the prima facie record of the proceedings. Thompson, Corp. § 7739; Van Hook v. Somerville, 5 N. J. Eq. 137; Bay View v. Williams, 50 Cal. 353.

3. A more serious question is whether mandamus is the proper remedy. If this case amounted to a bona fide contest between two persons as to which was elected to the office of secretary of the corporation, the proper remedy was quo warranto; but if there was no substantial ground for the claim that no election took place on the eleventh of July, 1908, then mandamus was the proper remedy at law. We have read the record with care, and have examined in detail the minutes referred to, and in our opinion they are incomplete upon their face and do not contain a record of the entire proceedings at the meeting. In the first place, what possible object could there have been in taking an informal ballot only upon the election of a president, vice president, and secretary? The meeting was called for the express purpose of electing officers. The board of directors were divided; two—Jones and Guertin—taking the position that the meeting had been illegally called and that the directors had no authority to act, and the other four, taking the contrary view and constituting a majority, were there for the purpose of carrying their will into effect to elect officers. It would require the most convincing evidence to satisfy a court that they met, took an informal ballot upon each of the officers, and adjourned without accomplishing anything. This defense is purely technical. There is no real conflict in the evidence. Appellant has not shown that he even has color of right to retain the books and records, and under such circumstances mandamus is the only speedy and adequate remedy. American v. Haven, 101 Mass. 398, 3 Am. 377; Strong, Petitioner, 20 Pick. 484; State v. Davis, 54 Mo. App. 447; Fasnacht v. German, 99 Ind. 133.

Affirmed.

On January 8, 1909, the following opinion was filed:

PER CURIAM.

In an application for reargument, our attention was called to the fact that in the syllabus, and in the body of the opinion, the directors' meeting of July 11, 1908, is referred to as having been called for the express purpose of electing officers. An examination of the record shows that the object of the meeting was not expressed in the notice, and in that respect the court was mistaken. However, it is immaterial, and in no way changes the result.

Application for reargument denied.