## VALIDITY OF ELECTION OF OFFICERS OF A CORPORATION.

### Circuit Court of Cuyahoga County.

THE STATE OF OHIO, EX REL HARRY S. FRENCH, v. J. B. CLOUGH.*

#### Decided, October 21, 1912.

*Corporations—Failure at Annual Meeting to Elect New Directors—Authority of Hold-over Board to Elect New Officers—Notice of Directors Meeting for that Purpose Not Necessary, When—Section 8664.*

1. In the event of failure at the annual stockholders' meeting to elect a new board of directors, the hold-over board has authority to proceed with the election of officers of the corporation, where the code of regulations of the company provides that officers and directors shall be elected for one year.
2. Where there is a fixed time for the holding of the annual meeting of the board of directors of a corporation, each director will be assumed to have notice thereof, and failure to notify all the directors that a meeting is to be held does not invalidate action taken at such meeting.

*Wing, Myler & Turney,* for plaintiff.
*Smith, Taft & Arter,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

This is an action in *quo warranto*, begun in this court, for the purposes of ousting the defendant, J. B. Clough, from the office of president and treasurer of the Machinery Forging Company, and having the relator, Harry S. French, adjudged entitled to said office.

The Machinery Forging Company is an Ohio corporation. By its code of regulations the annual meeting of the stockholders is held on the second Monday of August of each year. The number of directors is fixed at five.

At the annual meeting of stockholders held on the second Monday of August, 1912, there was a failure to elect a new board

*Affirmed without opinion, *State, ex rel French,* v. *Clough,* 88 Ohio State, —.

of directors by reason of an equal number of shares of stock having been voted in favor of six different persons. At the time of this meeting the board consisted of H. S. French, the relator, H. C. Kumraus, S. M. Sloan, J. B. Clough, the defendant, and B. L. Tappingden. At the time of the holding of the stockholders' annual meeting of 1912, the relator was the duly elected and qualified president and treasurer of said company.

Immediately after the adjournment of the stockholders' meeting, three of the old directors, Clough, Kumraus and Tappingden, constituting a quorum under the by-laws, having requested the relator to call a meeting of the board, and their request having been refused, met and proceeded to organize. They elected the defendant to the office of president and treasurer, and filled the other offices of the company. One director, S. M. Sloan, was given no notice of the meeting. The relator was aware of the fact that the three members of the board mentioned were holding a meeting. He was in the front of the office where the meeting was held part of the time, but refused to participate in the meeting, and denied the right of the three directors to hold such a meeting.

The defendant, after being elected president and treasurer of the company, and the other officers chosen took possession of the manufacturing plant and the other property of the corporation, and have since retained possession of the same.

The relator contends that the old board, having held over on account of the failure of the stockholders to elect a new board, was without legal authority to disturb him in his office of president and treasurer, and that the election or attempted election of the defendant to that office vested no right in him to exercise or enjoy the rights and privileges of such office. He contends, also, that if it should be held that the old board had power to elect new officers, the attempted exercise of that power was of no effect because no notice of the meeting was given to one of the directors, S. M. Sloan, who was not present at the meeting and had no actual knowledge of it.

In our opinion, if the members of the old board had power to elect new officers, the want of notice to a director of a meeting held at that time would not invalidate the action of the board.

It is provided in the regulations of the company that the annual meeting of the stockholders shall be held on the second Monday in August, and in the by-laws of the board of directors it is provided that the regular annual meeting of directors shall be held at the office of the company on the second Monday of August. The time of the annual meeting of the board being thus fixed, and no actual notice thereof being required, each director must be assumed to have notice by reason of the time fixed in the by-law, itself. The rule on this subject is stated in *Thompson on Corporations* (Second Edition), Section 1131, in this language:

"There has been some controversy and doubt," says Mr. Cook, "as to the necessity of giving notice of directors' meetings. Many cases apply to directors' meetings the same rules that apply to stockholders' meetings. Other cases hold that less formality and strictness are required in calling a directors' meeting. The decisions are quite uniform, however, in holding that as to all special meetings of the board of directors notice must be given. The law is inclined to tolerate more freedom in the notice and the calling and holding of directors' meetings, inasmuch as the meetings are more frequent, the absentees more common, the acts less fundamental, and ratification by acting on the contracts more certain and easy. The general rule may be said to be that where the meeting is a stated one, the time and place of which are fixed by some by-law, or regulation, no notice is necessary, unless required by statute."

The question, therefore, which we must decide is whether the board of directors of this company holding over, after the failure to elect a new board at the annual meeting, had power to elect new officers, and specifically, power to supplant the relator by electing the defendant to the office of president and treasurer.

Section 3 of the code of regulations of the company contains a provision as follows:

"Officers and directors shall be elected for one year, unless elected at a meeting succeeding the annual meeting, and in that event such officer shall serve out the unexpired term. All officers duly elected shall serve until their successors are duly elected and qualified."

By this provision the regular term of office of the officers of the corporation is fixed at one year, and ends with the annual

meeting of the board of directors. This is in harmony with General Code, Section 8664, which contemplates an annual ·election of officers.

By virtue of said Section 8664, and the provision of the regulations above quoted, if a new board had been elected at the annual stockholders' meeting, it would have been the right and duty of its members, as soon after taking their oaths of office as convenient, to select a president and other officers. The stockholders having failed to elect a new board of directors, the old directors, by virtue of General Code, Section 8647, continued in office. They continued in office for all the purposes for which a new board might have been elected. Their power and duties were the same as the powers and duties of a new board would have been. The term of office of the president and treasurer being fixed at one year, and that year having expired, the board of directors, although composed of members holding over on account of the failure to elect new members, had power to select a new president and treasurer. If the board had not acted, the old officers would have continued to hold office at the pleasure of the board until the election of a new board, and action taken by it.

It is urged, however, that the language of said Section 8664, which directs the directors "chosen at any election" as soon after taking an oath of office as is convenient, to select one of their number to be president thereof, and unless the regulations otherwise provide, also to appoint a secretary and treasurer of the corporation, impliedly restricts the right to elect the officers mentioned, to a newly elected board.

We do not think that this is the effect of the section under consideration. It does not operate to deprive the board holding over of the right to elect new officers when their term of office expires, but in our opinion the officers so elected will hold their offices subject to the right of any new board that may at any time be legally chosen to act under said section in the election of new officers. The old board will be served by officers of its own choosing, and if a new board is elected, it will have the power to act under this section and elect officers of its own choice.

The conclusion we have reached, therefore, is that the election of the defendant was within the power of the hold-over board, and that this power was exercised in a regular and valid manner. This result arrived at from a consideration of the statutes and the code of regulations of the corporation, is supported by the only authority cited to us bearing directly on the main question involved in this action, the case of *State, ex rel,* v. *Guerton,* 106 Minn., 248, the first and second paragraphs of the syllabus of which are as follows:

"The articles of a corporation provided that a board of directors should serve for one year, and until their successors were elected and qualified, and that the officers of the corporation should be chosen by the directors at their first meeting after their appointment or election, and hold office for one year, or until their successors are elected and qualified.

"*Held:* The stockholders having failed to elect a board of directors at the annual meeting, the hold-over directors were authorized, at a meeting called for that purpose, subsequent to the annual meeting, to elect new officers as the successors of those holding over."

The petition will be dismissed.