HUEBNER, Respondent, vs. ADVANCE REFRIGERATOR' COMPANY, Appellant.

*November 7—December 3, 1929.*

234

The cause was submitted for the appellant on the brief of *Brennan, Lucas & McDonough* of Milwaukee, and for the respondent on that of *Leuch, Fichaux & Fellenz* of Milwaukee.

FRITZ, J.  Plaintiff sued defendant to recover $2,080 in money as additional salary for services performed by him as secretary and treasurer of the defendant corporation in the year 1926.  Plaintiff, E. J. Radtke, and A. J. Gebhardt were the incorporators, stockholders, directors, and officers of the defendant.  In 1924 each drew $40 a week as salary.  January 18, 1925, they held a stockholders' meeting and adopted the following motion:

"That for the ensuing year, the officers' salary be raised to $5,200 per annum, but the increase to be deferred in payment until later in the year when ready cash are not needed to carry on the business.  Said $40 per week, the present draw, be the amount drawn until such time."

During 1925 each officer was paid $40 per week, and in the latter part of that year each received $450 in cash and $2,000 in stock of the corporation.

On January 9, 1926, a stockholders' meeting was held, but plaintiff did not, as secretary, note in the minutes any proceeding in relation to salary for the year 1926.  During the trial the defendant sought to prove by oral testimony of the plaintiff and others present, the proceedings and action taken at the meeting of January 9, 1926, concerning the salary of plaintiff and the other officers for the year 1926.  The trial court, on plaintiff's objection, excluded the proposed proof.  The ruling was erroneous and prejudicial to the defendant.

Testimony of those who were present at a corporate meeting is admissible to prove the action taken at such meeting, when such action, through inadvertence or mistake, is not recorded in the minutes. Jones, Evidence, sec. 203; Thompson, Corporations (3d ed.) secs. 1955, 1957; *State ex rel. Copper Butte Mines v. Guertin,* 106 Minn. 248, 119 N. W. 43, 45; *Boalsburg Water Co. v. State College Water Co.* 240 Pa. St. 198, 87 Atl. 609.

That rule has been well established in this state, even in relation to the proceedings of a public governing body which was expressly required by law to keep a record of its proceedings. Such evidence is not admissible where the effect thereof will be to vary or contradict the record, but may otherwise be received for the purpose of showing occurrences which, through oversight or some other cause, were not recorded. *Chippewa Bridge Co. v. Durand,* 122 Wis. 85, 103, 99 N. W. 603; *Nehrling v. Herold Co.* 112 Wis. 558, 566, 88 N. W. 614; *Grimm v. Bayfield County,* 174 Wis. 43, 46, 182 N. W. 466.

In the case last cited parol evidence was held admissible not only to supplement the minutes as to an omitted proceeding, but also to correct an error in the minutes as to the date of the meeting. This court said:

"To deny the admission of parol evidence is to halt the inquiry and to confess the impotency of courts to ascertain the truth. We hold that parol evidence is admissible to show on what date the annual town meeting was in fact held. There was no error in receiving the parol evidence to show the actual date of the town meeting, or that the motion providing for the levying of the tax was in fact put and carried."

Plaintiff having succeeded, by objections sustained by the court, in excluding proof offered by the defendant as to the action taken at the January, 1926, stockholders' meeting, concerning the officers' salaries for 1926, contended that, inasmuch as plaintiff continued in 1926 to render the same

services as in 1925, and as there is no evidence in the record of any new agreement which is otherwise to the contrary, the law presumes that plaintiff's continued services were rendered upon the same terms as in 1925. The trial court, evidently, adopted that theory in denying defendant's motion for a directed verdict, but we do not consider it applicable under the facts and circumstances of this case. The wording of the motion adopted on January 18, 1925, discloses that it was not intended to provide for an increase of salary for an indefinite period of time. It was expressly specified to be "for the ensuing year." Application of the maxim *"Expressio unius est exclusio alterius"* necessitates the conclusion that provision for increase was then being made for that year only, and not for any period subsequent to that year.

Furthermore, plaintiff is suing for a payment in money in addition to the $40 in money which he accepted each week during 1926 and the $300 in money which he received in the latter part of that year. What basis is there for any presumption that he was to be entitled to any money payment in addition to the money which was paid to him during 1926? For the year 1925 he did not receive in money the difference between the total of $5,200 and the current payments made to him during the year. At best, if there were any occasion for presuming that the 1925 terms of compensation were to continue in 1926, plaintiff might be entitled to an issue of stock for the unpaid difference, but clearly not to the payment thereof in money.

On the other hand, assume that plaintiff, in attempting to rely on a presumption based on the previous year's express agreement and compensation, would not be limited to a recovery of compensation to be made in the manner or medium used in 1925; nevertheless, under the express wording of the motion adopted January 18, 1925, he would not be entitled to payment "until . . . ready cash are not needed to carry on the business. Said $40 per week, the present

draw, be the amount drawn until such time." As far as the evidence discloses, in 1926, and thereafter, there never was any "such time" at which the defendant had ready cash with which to make payments in addition to the $40 per week salary. On the contrary, it appears that at the end of that year, when, because the plaintiff requested additional money for some Christmas expenditures, the stockholders concluded to distribute part of the $1,200 annual book profit of the corporation by paying $300 to each stockholder, the corporation had to borrow from the bank in order to make even those $300 payments.

For the reasons stated, the defendant's motion for the direction of a verdict in its favor should have been granted. The judgment must be reversed, with directions to dismiss the action.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the action.