Lisbon Town Fire Insurance Company, Appellant, vs. Tracy, Respondent.

Same, Appellant, vs. Lund, Respondent.
Same, Appellant, vs. Troy, Respondent.

*January 9—February 4, 1941.*

For the appellant there were briefs by *W. A. McNown* of Mauston, attorney, and *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison of counsel, and oral argument by *Mr. McNown* and *Mr. Harold M. Wilkie.*

For the respondents there was a brief by *Curran & Curran* of Mauston, attorneys, and *Donovan, Gleiss & Goodman* of Sparta of counsel, and oral argument by *Charles P. Curran* and *William M. Gleiss.*

FRITZ, J.  Each of the appeals under consideration is from a judgment dismissing the complaint of the plaintiff, a town mutual insurance corporation organized under the Wisconsin statutes, to recover on an assessment made by plaintiff against each defendant as a member and policyholder during the following periods:—Lund from July 12, 1925, to November 1, 1931; Tracy from December 12, 1926, to

December 12, 1935; and Troy from December 8, 1925, to March 1, 1938. By the contracts which existed under each defendant's application for insurance and the provisions of sec. 202.09, Stats. 1925, he was liable to plaintiff on assessments levied to pay his *pro rata* share of all losses payable under policies of insurance issued by plaintiff, and also his *pro rata* share of plaintiff's necessary business expenses, together with the costs and charges incurred in proceedings to collect any assessment.

The actions are based on an assessment which plaintiff claims was levied by a resolution adopted June 8, 1938, at a meeting of its board of directors. The judgments dismissing the complaints were based upon the court's findings of fact and conclusions of law (1) that plaintiff failed to establish by competent testimony that the resolution, which it claims was adopted on June 8, 1938, and which purports to provide for the assessment in question, was ever legally passed as a resolution by its board of directors as shown by its minutes of June 8, 1938; (2) that a certificate purporting to have been executed by plaintiff's secretary pursuant to sec. 328.22, Stats., and to state that the assessment was levied, the amount due from each defendant by means thereof, and that notice thereof was duly given to him, was deficient and did not raise the presumption mentioned in sec. 328.22, Stats., because the assessment was not levied to pay for losses, business expense, or debts for the year in which it was levied; and (3) that therefore plaintiff failed to establish a *prima facie* case, and there was no competent evidence of a valid assessment to repay borrowed money.

Plaintiff contends that the court erred in respect to all of those findings and conclusions of law. To establish that the assessment was lawfully levied by a resolution duly adopted, plaintiff called its secretary as a witness and he produced and identified the minute book of the corporate meetings held by its board of directors, and from the minutes of a meeting

held by them on June 8, 1938, the plaintiff offered in evidence the following typewritten insertion in the minutes, which are otherwise in handwriting, to wit (so far as here material) :

"At a meeting of the board of directors held on the 8th day of June, 1938, the following resolution was passed:

"Resolution: Be it resolved that, as there is now indebtedness outstanding against the company by reason of losses, administration expenses, and failure of members to make payments of assessments for losses occurring during the years from 1927 to 1933, inclusive, there be levied an assessment of five mills per dollar of insurance for each and every policy of insurance in force during such period of time. . . ."

In that connection plaintiff also offered the following handwritten statement with which the minutes continue, to wit: "This motion was made by Henry Grefe and seconded by M. L. Dineen." Defendants' counsel objected to the admission in evidence of the resolution on the grounds that "there is nothing" in the record "to show it was ever adopted," and that "the time had expired for any collection or any resolution authorizing . . . the collection of any assessment as of the time stated" to cover 1927 to 1933. The court received the resolution in evidence subject to the objection. In addition plaintiff introduced, subject to defendants' objection that it was not the best evidence and that the minutes as recorded could not be amended by parol testimony by plaintiff's president, the latter's testimony that he called and attended the directors' meeting on June 8, 1938, and that the resolution in question was acted upon and unanimously passed by all directors. However, the court, in subsequently deciding that plaintiff failed to establish the adoption of the resolution by competent testimony, evidently concluded that the typewritten resolution in the minutes and the statements therein and in the testimony of its president as to the passage of the resolution were incompetent and inadmissible as evidence.

The court erred in its conclusions in that respect. The statement, "At a meeting of the board of directors held on the 8th day of June, 1938, the following resolution was passed," which is in the typewritten insertion in the handwritten minutes recorded in the minute book, together with the handwritten statement, "This motion was made by Henry Grefe and seconded by M. L. Dineen," which is in the minutes immediately after the typewritten resolution, afford presumptive proof that the typewritten insertion was used in its entirety by the secretary as correctly stating the terms as well as the fact of the passage of the resolution; and that the board's action at the time as recorded in the minutes included all acts necessary to render the passage of the resolution legally effective. As is stated in 20 Am. Jur. p. 826, § 977,—

"The minute books of a corporation are, when properly authenticated, evidence on behalf of the corporation of the transactions shown by the minutes to have taken place at the meeting at which they were recorded."

See also 1 Jones, Commentaries on Evidence (2d ed.), p. 357, § 212; 5 Fletcher, Cyc. Corp. ch. 17, p. 525, § 2196.

In *Grand Nat. Bank of St. Louis v. Taylor,* 176 Ark. 1, 7, 1 S. W. (2d) 818, the court said,—

"The minute book of a corporation, when identified, is competent evidence as to all recitals contained therein, and, even though unsigned, the minutes may be used to prove what took place at the meeting, and that a resolution was passed thereat."

See also *Heintzelman v. Druids' Relief Asso.* 38 Minn. 138, 36 N. W. 100; *Commissioner of Banks v. Cosmopolitan Trust Co.* 253 Mass. 205, 148 N. E. 609, 41 A. L. R. 658, 665, Moreover, if the minutes as recorded were insufficient or imperfect, as defendants contend, to establish the contents or passage of the resolution, the fact that it was passed in the form and manner recorded in the minutes, including the typewritten insertion, was duly established by the testimony

given by the president of the corporation. As his testimony was not in contradiction, but rather corroborated the statements in the minutes as to the passage of the resolution, it was clearly admissible and sufficient to establish that fact. As is stated in 2 Jones, Commentaries on Evidence (2d ed.), p. 1440, § 778,—

". . . Where the records of a corporation are omitted entirely, or where they are so carelessly or imperfectly kept as not to show the adoption of resolutions or other acts of the corporation, parol evidence may be admitted to show that such resolutions were adopted, or that such acts were done, by the governing body, unless the law or the charter expressly and imperatively requires all matters to appear of record, and makes the record the only evidence."

In *Huebner v. Advance Refrigerator Co.* 200 Wis. 233, 235, 227 N. W. 868, 66 A. L. R. 1325, we said,—

"Testimony of those who were present at a corporate meeting is admissible to prove the action taken at such meeting, when such action, through inadvertence or mistake, is not recorded in the minutes. Jones, Evidence, sec. 203; Thompson, Corporations (3d ed.), secs. 1955, 1957; *State ex rel. Copper Butte Mines v. Guertin,* 106 Minn. 248, 119 N. W. 43, 45; *Boalsburg Water Co. v. State College Water Co.* 240 Pa. St. 198, 87 Atl. 609."

In considering plaintiff's contention that the court erred in concluding that the certificates by plaintiff's secretary specifying, pursuant to sec. 328.22, Stats., such assessment, the amount due by means thereof, and that notice thereof was given the defendants, were deficient and raised no presumption under the statute because the assessment was not levied to pay for any losses, business expense, or debts for the year in which it was levied, the following matters must be noted. Sec. 328.22, Stats., reads as follows:

"Whenever an action is brought by any mutual insurance company to collect any assessment, the certificate of the secretary of said company, specifying [1] such assessment, [2] the amount due said company by means thereof,

[3] and that notice thereof was given the person liable therefor, shall be received as presumptive evidence of the facts so certified."

For the purposes of proving the assessment, the amount due to plaintiff thereon from the defendants, that notice thereof was given to them and that the assessments were valid, plaintiff relied upon the trial on certificates executed by its secretary, in which he certified, pursuant to sec. 328.22, Stats., in relation to each defendant, "that on June 8, 1938, there was levied an assessment of five mills per dollar of insurance against each and every member of said company during the years from 1927 to 1933, inclusive;" that the amount due plaintiff from the defendant was a sum stated in the certificate, and that notice of the assessment was duly given the defendants.

Defendants, in seeking to sustain the court's conclusion that the certificates raised no presumption under sec. 328.22, Stats., contend that this statute was enacted only for the purpose of creating the presumption therein provided when the assessment is levied for losses or expenses incurred during the year in which the assessment is levied; and that the only conclusion which can be drawn from the certificates herein is that the assessment was levied to pay indebtedness for borrowed money, apparently incurred to meet losses and expenses incurred during the years 1927 to 1933, inclusive, and hence in violation of sec. 202.11, Stats., which limits the purposes for which assessments may be made and how money may be borrowed and should be repaid. In connection with these contentions, defendants claim that it appears from a statement in an exhibit attached to the complaint that at the annual meeting of plaintiff's members on January 18, 1938, a motion was adopted to raise an assessment large enough to cover the old debt of $5,000; that in the resolution adopted at the directors' meeting on June 8, 1938, there is the recital "there is now indebtedness outstanding against

the company by reason of losses, administration expenses, and failure of members to make payments of assessments for losses occurring during the years from 1927 to 1933, inclusive;" and that it appears under this resolution that the assessment was "large enough to cover the old debt of $5,000" and is therefore in violation of sec. 202.11, Stats. Defendants concede in their brief, however, that there is "no testimony in reference to borrowed money other than the pleading theretofore referred and statement made by Mr. Hanson, one of the attorneys for the defendants." The statement which is in the exhibit attached to the complaint and to which defendants refer was never offered in evidence. At all events, there is nothing in either this exhibit or the resolution of June 8, 1938, to establish that the assessment in suit was not levied within the time prescribed by sec. 202.11, Stats., even if it was intended to be used to repay borrowed money. As there is nothing stated in the motion to raise an assessment to cover an "old debt of $5,000," which the members adopted on January 18, 1938, to show when this debt was incurred, that statement does not establish that the assessment subsequently levied by the resolution adopted at the directors' meeting held on June 8, 1938, was to repay money obtained on a loan or that it was not levied within the time directed by sec. 202. 11 (4), Stats. Likewise, as the recital in the resolution of June 8, 1938, is merely that there is now indebtedness outstanding by reason of losses, administration expenses and failure of members to pay assessments for losses occurring from 1927 to 1933, it cannot be deemed established that this indebtedness was for money borrowed; and even if a loan was made there is nothing to show when the indebtedness therefor was incurred. Consequently, there is no basis for the court's conclusions, and it was in error in concluding that the assessment was "not levied to pay for any losses, business expense, or debts for the year in which it was levied," and that the secretary's certificates should not be received as pre-

sumptive evidence of the facts certified as prescribed by sec. 328.22, Stats. Moreover, there is no provision in sec. 328.22, Stats., limiting the presumptive effect of certificates authorized thereby to but such as appear to be in relation to an assessment levied for losses, business expenses or debts incurred in the year in which it is levied. Nothing in that respect is required by sec. 328.22, Stats., in prescribing what is to be specified in a certificate which "shall be received as presumptive evidence of the facts so certified" in an action brought by a mutual insurance company to collect "any assessment." It follows that the court should have given due effect to the certificates as presumptive evidence of all facts certified therein and that by reason thereof those facts must be considered to have been established in the absence of proof by the defendants that there is no necessity for the assessment or that the levy thereof was invalid in other respects. *Williams v. German Mutual Fire Ins. Co.* 68 Ill. 387; *American Guaranty Fund Mut. Ins. Co. v. Mattson,* 100 Mo. App. 316, 73 S. W. 365; *Stone v. Penn Yan, K. P. & B. Ry.* 125 App. Div. 94, 109 N. Y. Supp. 374 (aff. 197 N. Y. 279, 90 N. E. 843); *Demings v. Supreme Lodge K. of P.* 131 N. Y. 522, 30 N. E. 572; and see also *In re Builders Mut. Casualty Co.* 229 Wis. 365, 282 N. W. 44, 282 N. W. 504. As no such proof was offered by the defendants, plaintiff was entitled on the record to judgment for the amount owing by each defendant to plaintiff on the assessment in question.

On these appeals defendants assert, for the first time, that plaintiff failed to comply with provisions in sec. 202.11 (2), Stats., and in article 6 of its policies in relation to the contents of notices required to be given by publication in a newspaper and also by mail to each member. As no issue in respect to the contents of those notices was raised by the pleadings or litigated on the trial, the belated contentions of the defendants in that respect will not be entertained on these appeals. Under

the circumstances, there are in point the following conclusions stated in *In re Builders Mut. Casualty Co., supra,* p. 374,—

"In this connection it might be noted that this attack upon the assessment was not made in the lower court, and the rules set forth in *Cappon v. O'Day,* 165 Wis. 486, 490, 162 N. W. 655, are clearly applicable. It was there said: 'One of the rules of well nigh universal application established by courts in the administration of the law is that questions not raised and properly presented for review in the trial court will not be reviewed on appeal. 3 C. J. 689. The reason for the rule is plain. If the question had been raised below, the situation might have been met by the opposite party by way of amendment or of additional proof. In such circumstances, therefore, for the appellate court to take up and decide on an incomplete record questions raised before it for the first time would, in many instances at least, result in great injustice, and for that reason appellate courts ordinarily decline to review questions raised for the first time in the appellate court.' "

See also *Youngs v. Wegner,* 157 Wis. 489, 497, 146 N. W. 303; *In re Assignment of Milwaukee S. & W. Co.* 186 Wis. 320, 329, 202 N. W. 693; *Fort Howard Paper Co. v. Paper Conv. M. Co.* 226 Wis. 143, 276 N. W. 131; *Murphy v. National Paving Co.* 229 Wis. 100, 112, 281 N. W. 705.

*By the Court.*—Judgments reversed, and causes remanded with directions to enter judgments in accordance with the prayer of the complaint in each action.