# The South & North Alabama Railroad Co. *v.* Chappell.

*Case to Recover Damages for Personal Injuries, &c.*

1. *Case; what counts are in.*—A count seeking recovery for personal injuries, occasioned by falling in a ditch dug by defendant in the public highway, and averring that the injury was suffered and caused by the gross negligence of defendant in cutting the ditch and leaving it exposed, without proper safeguards, &c., is in case; and so also, is a like count, which alleged a duty of defendant to furnish bridges, barricades, or other usual means, to protect the public from injury, which defendant failed to provide, and that plaintiff suffered the injury by reason of the gross negligence of defendant, in cutting the ditch and leaving it exposed, without using proper precautions to guard the public, &c.

2. *Corporation; liability of, for torts.*—A corporation is civilly liable for torts, or for the acts and negligence of its servants or agents while in its employment, to the same extent and under the same circumstances as a natural person; the only limitation being, that it is not liable civilly or criminally for torts, of which malice is an essential ingredient.

3. *Same.*—It is not necessary to fix the liability, that the wrongful act or the negligence from which the injury proceeds, should have been committed while the corporation was in the exercise of powers conferred by the charter; it may have been committed while the corporation, or its servants acting under its authority, were exceeding corporate power, or engaged in transactions wholly foreign to its nature.

4. *Reputation of watchman when guarding ditch; when immaterial.*—In a suit against a corporation for personal injuries, caused by falling into a ditch dug by it in the public highway, its liability depends wholly on its having caused or continued the nuisance, and the plaintiff's suffering the injury without fault on his part; and hence evidence of the care used in selecting a watchman to warn persons approaching the ditch, or his general character or reputation as a watchman, at the time of his employment, are immaterial, and properly excluded.

[South & North Ala. R. R. Co. v. Chappell.]

APPEAL from the Circuit Court of Montgomery.

Tried before Hon. JAMES Q. SMITH.

The appellee, James Chappell, brought this action against the appellant, the South and North Alabama Railroad Company, to recover damages for personal injuries received by falling into a ditch which appellant dug in the streets of Montgomery, and negligently left unguarded.

The complaint contained two counts. The first count averred in substance that appellant, a domestic corporation, caused a ditch to be dug in the public highway, to-wit, at the intersection of Commerce and Tallapoosa streets, in the city of Montgomery, and appellee, in ignorance of the existence of the ditch, and while in the pursuit of his legitimate business, about daybreak in the morning, fell into said ditch with his wagon and team, receiving various injuries, to his damage, &c., without fault on his part, and that "said injury was suffered in consequence and by reason of the gross negligence of defendant in cutting said ditch and leaving the same open, without barricades or other proper means of guarding the public from accidental injury by the same, and the cause of which injury might have been avoided, but for want of care on part of defendant."

The second count differed from the first, only in that it averred that "it was the duty of defendant to have bridges across the ditch, or to have the same barricaded, or to have used such other means as were usual and proper to guard the public passing said streets, during the day or night, from falling into said ditch or receiving injury therefrom; that plaintiff suffered the injuries because of the gross negligence of defendant in cutting said ditch and leaving the same exposed at night, without having used the means necessary and proper to guard the public from injury, which, but for want of due care on the part of defendant, would have been avoided," &c.

The defendant demurred, on the following, among other grounds: 1st, misjoinder of causes of action, one count being in trespass and the other in case; 2d, it is not shown that said ditch was dug by defendant in the prosecution of any business or act which its charter authorized, or in furtherance, or under authority, of any corporate power conferred by the charter; 3d, the facts set forth show no cause of action against defendant, and no duty or authority of defendant in respect to digging a ditch or leaving it open in said street.

The demurrer was overruled.

[Chappell v. South & North Ala. R. R. Co.]

On the trial, as the bill of exceptions states, there was conflicting evidence as to the precautions taken to protect the public from injury by said ditch. The evidence for the plaintiff tended to show that defendant was grossly negligent in this respect; while that of the defendant tended to show it had used due care and taken all proper precautions. "Among other evidence, plaintiff introduced evidence tending to show that the watchman employed to guard said ditch, and who had been left in charge of it the night before the accident, which happened about daylight, failed to remain by the ditch, until it was light enough for persons driving on the street to see the ditch. After this, defendant offered to prove that before and at the time said watchman was employed to guard said ditch, his general reputation as a watchman was that of a careful and competent watchman. On objection of the plaintiff the court would not allow this proof to be made, and the defendant excepted. This was all the evidence material to the questions raised by the forego ing exception. Afterwards defendant introduced evidence, without objection on the part of plaintiff, that said watchman was in fact a competent and careful watchman."

There was judgment and verdict for plaintiff, and defendant appeals. The ruling upon demurrer and the refusal to allow proof as to the general reputation of the watchman, are now assigned as error.

RICE, JONES & WILEY, for appellant.

ARRINGTON & GRAHAM, *contra.*

BRICKELL, C. J.—1. There is no misjoinder of counts in the complaint. Each count is in case, for the recovery of damages or injuries to the person and property of the plaintiff, suffered from a public nuisance created and continued by the defendant on one of the public streets of the city of Montgomery.

2. Whatever may have been the ancient doctrine, it is now settled that a corporation is civilly liable to the same extent and under the same circumstances as a natural person, for its torts, or for the acts and negligence of its servants or agents, while in its employment. The limitation of the principle, as announced in *Owsley v. M. & W. P. R. R. Co.,* 37 Ala. 560, is that as the corporation is incapable of malice, it is not liable civilly or criminally for torts, of which malice is an essential element. It is not necessary to fix the

[Flinn v. Barber.]

liability that the wrongful act, or the negligence, from which the injury proceeds, should have been committed while the corporation was in the exercise of the powers conferred by its charter. It may have been committed while the corporation, or its servants or agents acting under its authority, were exceeding corporate power, or engaged in business or transactions wholly foreign to its nature.—*P. M. & B. R. R. Co. v. Quigley*, 21 How. 202; 2 Wait's Actions and Defenses, 337; Greene's Brice's Ultra Vires, 240. It results, the demurrers to the complaint were properly overruled.

3. It was not material whether the appellant had or had not used due care in the selection of a watchman to give warning to persons approaching the ditch to avoid it, and the general character or reputation of the watchman employed was not involved. The liability of the defendant depended wholly on the fact whether it had caused and continued the nuisance, and the plaintiff had without fault on his part suffered injury from it. The concurrence of these facts rendered the defendant liable, whatever may have been the reputation, (or however well deserved,) of the watchman.

Let the judgment be affirmed.