Filed Dec. 18, 1884.

---

No. 11,281.

FASNACHT ET AL. *v.* THE GERMAN LITERARY ASSOCIATION ET AL.

PRACTICE.—*Record.—Bill of Exceptions.—Supreme Court.*—Without a bill of exceptions, or order of court, to bring the necessary papers upon the record, motions in the court below to strike out pleadings and papers, or to separate causes of action, can not be considered by the Supreme Court.

CORPORATION.—*Mandate.*—Officers of a corporation who, upon the expiration of their terms, refuse to deliver to their successors books, papers, accounts, or the like, which came to their hands as such, may be compelled to do so by mandate.

SUPREME COURT.—*Evidence.—Bill of Exceptions.*—Where it is apparent upon the face of a bill of exceptions, that all the evidence is not in it, a statement that it does contain all is of no avail.

SAME.—*New Trial.*—Where it was assigned as cause for a new trial, that a witness was allowed to testify as to " usages and customs" of an association; also, that evidence of amendments to its constitution and by-laws was admitted, and no such amendments appear as evidence in the

bill of exceptions, nor any evidence of "usages and customs," but only of facts from which an inference might or might not be drawn as to such usages, no question is presented to the Supreme Court concerning the matter.

From the Miami Circuit Court.

*J. M. Brown, N. H. Antrim, H. J. Shirk* and *J. Mitchell,* for appellants.

*S. D. Carpenter* and *R. P. Effinger,* for appellees.

HAMMOND, J.—This was an action by the appellees against the appellants, former trustees of the said literary association and aid society, to compel the surrender to the appellees, Andres, Nelp and Schlender, present trustees of said corporation, of certain notes and accounts belonging thereto in the hands of the appellants. Appellants appeared, filed a demurrer to the amended complaint, which was overruled, and then answered in four paragraphs. Appellees replied in one paragraph. Trial by the court; finding for the appellees, and judgment on the finding, over the appellants' motion for a new trial.

The proceedings were no doubt intended to be under the statutory provisions relating to the writ of *mandamus,* but the approved practice in such cases seems to have been wholly disregarded by the parties. No affidavit was filed, nor was any motion made for an alternative or peremptory writ of mandate, nor was such writ issued. The action was commenced by complaint and conducted as in ordinary civil actions. For the proper practice in such cases, see sections 1169–1172, R. S. 1881; 2 Works Pr., sections 1447–1450. As no objection, however, was made in the court below to the method of procedure, we will, as this court has heretofore done in similar cases, not consider irregularities of practice, but such questions only as are properly saved in the record. *Smith* v. *Johnson,* 69 Ind. 55; *Gill* v. *State, ex rel.,* 72 Ind. 266; *Potts* v. *State, ex rel.,* 75 Ind. 336; *Duke* v. *Beeson,* 79 Ind. 24.

It appears from the order-book entries, copied into the

transcript, that appellants made motions, which were over-ruled, to strike out portions of the amended complaint and to require the appellees to separate and number the causes of action set out in the amended complaint; also that the appellees made motions, which were sustained, to strike out a part of the fourth paragraph of appellants' answer and the fourteenth and fifteenth interrogatories filed with their answer. These rulings are complained of, but as the motions, part of answer and interrogatories referred to, are not in the record, either by bill of exceptions or order of court, the rulings thereon do not present any question which we can consider. 2 Works Pr., section 1077.

The overruling of the demurrer to the amended complaint and the overruling of the motion for a new trial are the only questions in the record for our decision.

The substantial and material averments of the amended complaint are these: On June 6th, 1881, appellants were elected trustees of the appellee, the German Literary Association and Aid Society, for the term of one year, at the expiration of which they were succeeded by the appellees Andres, Nelp and Schlender, who were then duly elected as such trustees and qualified and entered upon the discharge of the duties of their office. Appellants, during their term of office, came into the possession of notes and accounts of said society, with which they were entrusted and which they legally received as such trustees, but which they declined to deliver to their said successors in office.

We think the law is well established that an officer whose term has expired may be compelled by mandate to surrender to his successor all records, books and papers pertaining to his office. *Frisbie* v. *Fogg,* 78 Ind. 269; High Ex. Legal Rem. (2d ed.), section 74; Field Private Corp. (2d ed.), section 464.

The appellants having failed, on demand, according to the allegations of the complaint, to deliver to their successors in office the notes and accounts which they should have thus surrendered, *mandamus* was the proper remedy to compel the

discharge of this duty. The amended complaint stated facts sufficient to make it good upon demurrer, and there was, consequently, no error in overruling the demurrer to it.

Three causes were assigned as grounds for a new trial. The first and third were that the decision was not sustained by sufficient evidence, and was contrary to law. It affirmatively appears from the bill of exceptions that it does not contain all the evidence. It shows that the new constitution of the appellee, the German Literary Association and Aid Society, was read in evidence, but does not contain the same. Where a question to be determined in this court depends upon the evidence, the bill of exceptions must show affirmatively that it contains "all the evidence given in the" cause, and this affirmative showing is not sufficient where the bill, as in the present case, shows upon its face that it does *not* contain all the evidence. *Wallace* v. *Kirtley,* 98 Ind. 485; 2 Works Pr. section 1078.

The second ground for a new trial was for alleged errors occurring during the trial, in this: (1) "The allowing of John Bauer to testify as a witness as to the usages and customs of said association and society over the objections of the defendants made at the time;" and (2) "the allowing of the introduction as evidence of purported amendments to the constitution and by-laws of said association and society prepared by one Henry Meinhardt over the objections of the defendants made at the time."

In answer to the first specification of alleged error, it is sufficient to say that the record does not contain any evidence of said witness as to the usages and customs of said association and society. The witness testified to certain facts, occurring in the transactions of the society, from which it is possible that the usages and customs of the society might be inferred. But if the appellants wished to make the introduction of evidence as to such facts a ground for a new trial, such evidence should have been pointed out in the motion, and not the inferences or the facts which such evidence tended

to prove.   A motion for a new trial on the ground of the im-
proper admission or exclusion of evidence must point out the
evidence admitted or excluded with such certainty as will
call the attention of the court and adverse party to it.   1
Works Pr., section 929.

As to the second specification of alleged error occurring at
the trial, the amended constitution and by-laws referred to
are not in the bill of exceptions.   Even if the evidence as to
the manner of the adoption of these amendments show, as
appellants claim, that they were not properly adopted, still,
not having the amendments before us, we can not say but that
the evidence complained of was harmless.   This court will
not reverse a judgment for an error which did not affect the
substantial rights of the party appealing.   That such rights
were affected, as well as that there was error, must appear
from the record.

There was no error in overruling appellants' motion for a
new trial.   Affirmed, with costs.

