COLDWATER COPPER MINING CO. *v.* GILLIS.

1. CORPORATIONS—DE FACTO EXISTENCE AND ORGANIZATION—ES-
   TOPPEL—OFFICERS.
   A duly elected secretary of a foreign corporation, having a
   branch office in Michigan, is estopped by his dealings with
   the organization from alleging that it is not properly organ-
   ized or legally authorized to transact business in corporate
   form, as a defense to mandamus proceedings to compel him
   to surrender up books, papers, and records of relator in his
   hands as secretary.

2. SAME—MANDAMUS—BOOKS AND RECORDS—SECRETARY.
   Mandamus will lie to compel such surrender of possession to
   his successor in office.

3. SAME—ADEQUATE REMEDY AT LAW.
   A subpœna *duces tecum* or replevin would not be a full and
   adequate remedy.

4. SAME—DECREE.
   An order requiring respondent to surrender books and cash on
   hand, too broad because the petition did not pray that re-
   spondent be required to surrender cash in his hands, will be
   amended on certiorari, and the objectionable part, being sev-
   erable from the rest of the order, will be struck out.

Certiorari to Kalamazoo; Knappen, J. Submitted
March 12, 1912. (Calendar No. 23,720.) Decided May
3, 1912

Mandamus by the Coldwater Copper Mining Company
against Edwin Gillis to compel respondent to deliver to
relator's secretary its books and other property. An order
granting the writ is reviewed by respondent on certiorari.
Modified and affirmed.

*Osborn & Mills*, for appellant.

*N. H. Stewart*, for appellee.

McALVAY, J.   Relator, a corporation organized and doing business under and by virtue of the laws of the State of Wyoming, having a branch office in Coldwater, Mich., instituted mandamus proceedings in the circuit court for Kalamazoo county against Edward Gillis, of Kalamazoo, its former secretary and treasurer, respondent, who by virtue of said offices had become possessed of the books, records, papers, etc., of relator.   These books, records, papers, etc., had been demanded of respondent, who, in writing, twice positively refused to deliver them to relator.   An order was issued by said court to respondent to show cause why a peremptory writ of mandamus should not issue requiring him to deliver to relator all of said books, papers, data, etc., belonging to relator.   The return to this court shows that this order could not be served upon respondent by the sheriff before the return day thereof by reason of his conduct in avoiding service, and the time of such return was extended and a service was duly made by a private citizen.   The return also shows that respondent was not personally present at the hearing, although a resident of Kalamazoo living within three blocks of the courthouse.   Respondent's answer was not filed until the day of hearing and was not signed or verified by him.   It is a formal *seriatim* denial, paragraph by paragraph, of the facts stated in the petition. He denies that he has the books, etc., referred to in the petition in his possession, or under his control within this State; denies the incorporation of the petitioner, charging that, if incorporated, it is a foreign corporation not entitled to do business in this State; and challenges the jurisdiction of the court.   The court heard the case without a jury and granted a peremptory writ of mandamus.

The proceedings, in our opinion, do not raise the question of the right of relator to do business within this State, or its corporate powers and privileges.   The objection made rested merely on a failure to prove corporate character, and is obviated by the dealings between these parties recognizing relator's corporate character.   *Chapman* v.

*Colby Bros. & Co.*, 47 Mich. 46 (10 N. W. 74). Respondent is estopped from disputing that it is a corporation. He was a stockholder, and for several years connected with it as an officer, active in taking part in its affairs. He signed with the president notices of meetings as its secretary. The matter of the enforcement of any contract is not involved in these proceedings. No question between the parties is raised, except such as necessarily arises from corporate existence. The keeping of the books, records, and papers is certainly one of those powers and privileges necessarily attendant upon corporate existence. Further recognition of the corporate existence of relator appears from the fact that respondent, in writing, resigned from his office.

Repeated demands for these books, papers, etc., were shown and the written refusals to give them up. Respondent had voluntarily resigned his office, retaining all the books, records, papers, and data which came to him by virtue of his office. To discuss the testimony will be of no benefit to the profession. It is not disputed but that, at the time of the demand, he had had the books and papers in his possession in Kalamazoo. No evidence was offered by respondent in the mandamus proceedings. There was evidence in the case on the part of petitioner to support all the material allegations of the petition, and to warrant the court in granting the relief asked. The property in his possession belongs to the relator, and a subpœna *duces tecum* would not be a full and adequate remedy. Relator is entitled to the possession of its property, which from this record is unlawfully held by respondent.

It is claimed that the court had no jurisdiction to order respondent to deliver " cash on hand " to the relator because not within the prayer of the petition. Neither the body of the petition nor its prayer included or referred to cash in the possession of the respondent. It appears, therefore, that this was in excess of the jurisdiction of the court under the petition. Such matter, however, is severable and distinct from the balance of the order and has no

relation to the other matters included. This, however, does not require the court to reverse the entire proceedings, but only in so far as the court exceeded its jurisdiction. 4 Enc. Pl. & Prac. p. 309; *Hallet* v. *Blain,* 58 Ga. 142.

The objectionable portion of the order for a peremptory mandamus is reversed. In all other respects the same is affirmed, but without costs of this court to either party.

MOORE, C. J., and STEERE, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.