No. 24,821.

F. H. FOSTER, as State Bank Commissioner, et al., *Plaintiffs, v.* E. T. STEWART, *Defendant.*

SYLLABUS BY THE COURT.

1. MANDAMUS—*Insolvent Bank—Receiver Entitled to all Notes, Guaranties and Property of the Bank.* Mandamus will lie at the suit of the receiver of a bank organized and operating under the laws of this state against the president of the bank to compel him to turn over to the receiver all the notes, guaranties, and documents belonging to the bank.

2. SAME—*Motion to Quash Alternative Writ.* On motion to quash an alternative writ of mandamus, the writ only can be considered.

Original proceeding in mandamus. Opinion filed April 7, 1923. Writ denied.

*Clad Hamilton, Clay Hamilton,* both of Topeka, and *Donald Muir,* of Anthony, for the plaintiffs.

*T. A. Noftsger,* of Wichita, and *Vernon Day,* of Anthony, for the defendant.

The opinion of the court was delivered by

MARSHALL, J.:  By this action, the plaintiffs, F. H. Foster, as state bank commissioner, and B. V. Curry, as receiver of the Citizens State Bank of Harper, seek to compel the defendant to deliver to the receiver certain papers and documents, described as notes and guaranties, in the hands of the defendant as president of the bank and belonging to it at the time the receiver took possession of it and of its assets.  An alternative writ of mandamus has been issued.

The defendant has filed a motion to quash the alternative writ on the ground that it does not state facts sufficient to constitute a cause of action; that the plaintiffs have a plain and adequate remedy in the ordinary course of law; and that there is a *bona fide* contention between the plaintiffs and the defendant concerning the ownership of the property described in the writ.  The writ alleges that the defendant is president of the bank; that B. V. Curry is its receiver; that the defendant has in his possession, as president of the bank, for its use and benefit, certain notes and guaranties which came into his hands as such president; that he illegally and wrongfully withholds them from the receiver; and that the receiver is entitled to the possession of the same.  The defendant argues that the plaintiffs have a plain and adequate remedy at law and that therefore mandamus will not lie.

Section 715 of the code of civil procedure provides that—

"The writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law."

The defendant contends that the plaintiff may obtain possession of the notes and guaranties by an action in replevin, and cites in support of that contention section 188 of the code of civil procedure, which reads:

"In an action to recover the possession of specific personal property, the court or judge in vacation may for good cause shown, before or after judgment, compel the delivery of the property to the officer or party entitled thereto, by attachment, and may examine either party as to the possession or control of the property."

If an action in replevin were commenced and a writ issued and placed in the hands of a sheriff, he must find the described property

before he can take it. If the defendant should then refuse to deliver the property on the demand of the sheriff, an application to compel the defendant would then become necessary under section 188. The order issued on that application would be equivalent to a writ in mandamus and would be enforced by proceedings in contempt the same as a writ in mandamus is enforced. The action in replevin would become in substance one in mandamus because that is the only action that will give to the plaintiff the remedy he seeks.

Mandamus will lie to compel an officer of a corporation to deliver all books, papers, documents, and property to his successor in office, or to the corporation when the officer has ceased to act as such. (*Fasnacht, et al., v. The German Literary Association, et al.,* 99 Ind. 133; *American Railway-Frog Company v. Haven & others,* 101 Mass. 398; *Coldwater Copper Mining Co. v. Gillis,* 170 Mich. 126; *State, ex rel., v. Guertin,* 106 Minn. 248.)

In *Jeffries v. Bacastow,* 90 Kan. 495, 498, 135 Pac. 582, this court said:

"The obligations of the defendants declared on in the petition are assets of the bank, and the power given the receiver after taking charge of an insolvent bank 'to wind up the affairs and business thereof for the benefit of its depositors, creditors and stockholders,' includes the power to bring such suits as are necessary to that end."

All the assets, all the books, notes, papers and documents belonging to the bank should have been turned over to the receiver on his appointment. The defendant was president of the bank. By virtue of his position, he had control of the notes and guaranties at the time of the appointment of the receiver. It was the duty of the defendant to turn them over to the receiver. He refused to perform that duty. Its performance can be compelled by mandamus.

2. The defendant says that the title to this property is in dispute and argues that because there is a dispute concerning the title to the property, mandamus will not lie. The matter is presented on a motion to quash the alternative writ of mandamus. The motion is equivalent to a demurrer to the petition and admits as true for the purposes of the motion all the allegations of the alternative writ. The motion does not and cannot set up any defense. The alternative writ does not disclose that the title to the property is in dispute. That question cannot be raised by a motion to quash.

The motion to quash the alternative writ is denied.