154 So. 812

## RAYBURN v. GUNTERSVILLE REALTY CO.

### 8 Div. 473.

Supreme Court of Alabama.
April 12, 1934.

Rehearing Denied May 31, 1934.

W. C. Rayburn, of Guntersville, for appellant.

Oliver D. Street, of Guntersville, for appellee.

of his office as secretary-manager of appellee corporation.

The petition for mandamus was presented to Hon. A. E. Hawkins, judge of the circuit court of Marshall county, Ala., for rule nisi, and on the 3rd day of May, 1932, the said judge directed rule nisi to issue, and set the same down for trial in the circuit court of Marshall county, at Albertville.

It is made to appear from the verified petition for mandamus that the appellee, the Guntersville Realty Company, is a private business corporation organized and existing under the laws of Alabama, having its principal place of business at Guntersville, and that it was at the time of the filing of this proceeding, and had been, for more than twenty years, as such corporation engaged in the business of buying and selling real estate at said place.

It is further made to appear that the appellant was at one time the secretary-manager of said corporation, but that his term of office as such secretary-manager, and all his powers and duties terminated prior to January 1, 1932. That during the appellant's incumbency of said office, there came into his possession and under his control, as such official, all the books, records, papers, documents, deeds, receipts, reports, contracts, notes, mortgages, correspondence, and many other miscellaneous papers and other property belonging to said corporation. That since the termination of the term of office of defendant, and since he ceased to have, or to possess, any of the powers of said office, he has wrongfully retained and withheld, in his own exclusive possession, all of the papers and documents, and property mentioned in paragraph four of the petition.

It also appears that a committee was appointed at a meeting of the directors of said corporation, and with full authority, to demand of said Rayburn the said books, papers, etc., and that said committee, for the corporation, made demand on appellant for said books, papers, and property, above mentioned; but the appellant refused to comply with the demand.

It appears that the rule nisi was duly served upon appellant, and that thereafter he appeared specially in the circuit court at Albertville, and moved the court to dismiss the petition upon the ground the cause of action, if any, "accrued to the said plaintiff out of the jurisdiction of this court, that is to say, at Guntersville, in said county and not at Albertville," that he resides at Guntersville.

**KNIGHT, Justice.**

This appeal presents for review a judgment of the circuit court of Marshall county, awarding writ of mandamus, on petition of appellee, directed to, and requiring the appellant, W. C. Rayburn, to deliver to the said Guntersville Realty Company all the books, papers, documents, records, correspondence, notes, mortgages, receipts, contracts, reports, and all other property or effects of said corporation in his possession and under his control, and which came "originally" into his possession and control by virtue

After this motion was filed, and during term time, the court, sitting at Albertville, made an order transferring the cause to the Guntersville docket of the court, and required the defendant to plead, answer, or demur to the petition within thirty days from the date of the order.

◼ While the order transferring the cause ·to the "Guntersville docket" and in refusing defendant's plea to the jurisdiction of the court is made the basis of appellant's first assignment of error, no argument is presented, and no authority is cited, in support of the assignment of error. We are, therefore, under our uniform ruling justified in disregarding this assignment of error. Johnson v. State, 152 Ala. 93, 44 So. 671; Republic I. & S. Co. v. Quinton, 194 Ala. 126, 69 So. 604, 607; W. U. T. Co. v. Benson, 159 Ala. 254, 264, 48 So. 712; Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158; Meadors v. Haralson, 226 Ala. 413, 147 So. 184.

◼ We may add, however, that in the ruling of the court, on the point raised by said assignment, we perceive no error. The only irregularity, if any, was in making the rule returnable to the Albertville division instead of at Guntersville, where defendant resided, and this irregularity was corrected to meet defendant's insistence, that the cause should be heard at Guntersville.

◼ We are of the opinion that the petition in this case made out such a case as warranted the court in issuing the rule nisi, and such a case, that, in the absence of a showing justifying the appellant in withholding the books, etc., fully authorized and justified the court in issuing the peremptory writ of mandamus prayed for in the proceeding.

In 18 R. C. L. § 91, p. 173, it is said: "When the books and records of a private corporation are wrongfully withheld by an officer, after his term of office has expired, from the proper corporate officer and custodian, mandamus has been held a proper remedy to compel the wrongdoer to turn them over."

The case of American Ry.-Frog Co. v. Haven et al., 101 Mass. 398, 3 Am. Rep. 377, was one in which certain officers of a manufacturing corporation undertook to hold over, and to retain the corporation's books and records after their terms had expired, and new officials had been elected to succeed them.

Upon the refusal of the old officials to turn over the books and records to the corporation, the corporation filed its petition for mandamus against the old officers seeking to require them to surrender the books and papers. The petition was re_sted, but the court held that mandamus would lie, and was the appropriate remedy in such a case. The Massachusetts court in discussing the case observed:

"We then come to the second question, namely, Whether this is one of the cases in which the court has the power to issue the writ of peremptory mandamus. We must consider this petition as the petition of the corporation. The respondents are not its officers, but are mere intruders and wrongdoers, their term of office having expired. In the case of a public office or corporation, it is not denied that this writ might issue if the petitioner's title were first made out. It is well settled that it can be granted, for instance, to compel a town clerk, or a clerk of a public corporation, whose office has expired, to deliver over to his successor the common seal, books, papers and records of the corporation, which had belonged to his custody. Some of the cases go so far as to say, that "indeed it lies to any person who happens to have the books of a corporation in his possession and refuses to deliver them up. In fact it is the peculiar and appropriate remedy in such a case.' Rex v. Wildman, 2 Stra. 879; 2 Kyd on Corporations, 301; Angell & Ames on Corporations (6th Ed.) § 707 and cases cited; St. Luke's Church v. Slack, 7 Cush. [Mass.] 226. It is described by Lord Mansfield as a very beneficial writ, which may be issued by the court where there is no other specific remedy. The King v. Commissioners of Land Tax, 1 T. R. 148. It will not be granted where the applicant has another adequate, specific, legal remedy. Rex v. Barker, 3 Burr. 1267; The King v. Bishop of Chester, 1 T. R. 404; 2 Kyd on Corporations, 297; In re White River Bank, 23 Vern. 478. But the remedy, in order to be a bar to the issuing of the writ, must not only be adequate but also specific; and damages recoverable for the violation of the right are not such specific remedy. In the case at bar, it is difficult to see in what way the petitioners can obtain such adequate and specific relief, if their petition should be refused."

In the case of Coldwater Copper Mining Co. v. Gillis, 170 Mich. 126, 135 N. W. 901, Ann. Cas. 1915A, 410, the Supreme Court of Michigan held mandamus proper remedy to require the secretary of a private business corporation to surrender the books and records of the corporation to his successor in office. In that case, as in the case at bar, the petition was filed by the corporation.

In the case of State ex rel. Copper Butte

Mines et al. v. William F. Guertin, 106 Minn. 248, 119 N. W. 43, 130 Am. St. Rep. 610, the Supreme Court of Minnesota held that mandamus is the proper remedy to compel the delivery of the seal, books, and papers of a corporation by a secretary who refuses to deliver them to his successor in office, when it appears that he does not hold them under any color of right to the office.

It is thus broadly stated in Angell & Ames on Private Corporations (11th Ed.) § 707, p. 758:

"Indeed, it (mandamus) lies to any person who happens to have the books of a corporation in his possession, and refuses to deliver them up."

In the case of State of Missouri ex rel. State Savings, Building & Loan Ass'n No. 1 v. Charles H. R. Davis, 54 Mo. App. 447, it was held that mandamus will lie upon the petition of a private corporation to compel the surrender of its books, records, and papers, when they are withheld by one of its former officers.

In the case of Fasnacht v. German Literary Ass'n et al., 99 Ind. 133, it is said: "We think the law is well established that an officer whose term has expired may be compelled by mandate to surrender to his successor all records, books and papers pertaining to his office. Frisbie v. Fogg, 78 Ind. 269; High Ex. Legal Rem. (2d Ed.) § 74; Field Private Corp. (2d Ed.) §.464."

Continuing the court observed: "The appellants having failed, on demand, according to the allegations of the complaint, to deliver to their successors in office the notes and accounts which they should have thus surrendered, mandamus was the proper remedy to compel the discharge of this duty."

In the case of State ex rel. Newark & N. Y. R. Co. v. Goll, 32 N. J. Law, 285, the court held, in a case where the secretary of the Newark & New York Railroad Company had bought a set of books with his own funds, and entered in them the minutes of the proceedings of the corporation, that the possession of the secretary was the possession of the company; that in going out of office the secretary had no right to take the books with him; that he had no lien on the books either for purchase money, or for his services as secretary, or for the use and occupation of his premises by the company, while he was secretary; and that the company was entitled to a peremptory mandamus.

We are of the opinion that the petition stated a case entitling petitioner to mandamus,

and that the court properly overruled the defendant's demurrer thereto, as for any grounds stated.

With his demurrer to the petition overruled, the defendant filed an answer, and later an amended answer. To each of these pleadings the petitioner, appellee, filed demurrers, which were sustained by the court.

The real or main contention of the defendant, as presented in each of his answers, was that the charter of the petitioner had expired by limitation of time, when the demand was made on him for the surrender of the books and papers, and that after the expiration of the time limit of its corporate existence, the stockholders could not renew or extend the charter; that the renewal or extension of the charter, to be efficacious, must occur before its charter actually expired.

The defendant admitted the possession by him of the books and papers, etc.; that he was secretary-manager of the corporation during its corporate existence, and up to the time of the expiration of the charter, but he denied that any new secretary-manager had been appointed, and further insisted that he could only be required to surrender the books and papers to his duly appointed successor.

It appears from defendant's answer that the duration of the corporation was fixed in its charter at twenty years and that it expired on September 1, 1929.

It is further made to appear that the attempted renewal of the charter took place on April 7, 1931.

■ There is no merit in defendant's contention that the shareholders were without authority to renew the charter after its expiration by efflux of time, the application therefor having been made within five years after the expiration, and before its affairs had been settled, and its assets distributed.

By the provisions of section 7015, subsec. 14, among the powers conferred upon corporations organized under the general laws of the state, is the power to renew or extend its corporate existence.

The word "renew" is defined: To make new again; to restore to freshness; to make new spiritually; to regenerate; to begin again; to recommence; to resume; to restore to existence; to revive; to re-establish; to re-create; to replace; to grant or obtain an extension of. Webster's New International Dict.; 34 Cyc. 1330; Carter v. Brooklyn Life Ins. Co., 110 N. Y. 15, 21, 22, 17 N. E. 396; 54 C. J. 379, § 1.

In the proceedings taken from the renewal

of the corporate existence it appears that each and every successive step required of the directors and stockholders by section 6982 was fully observed and complied with by the directors and stockholders, and the report of their action was duly filed and recorded in the office of the judge of probate of Marshall county.

Waiving aside, and not determining the right of defendant, in this collateral matter, to question the existence of the corporation, the state acquiescing in its existence, we are fully persuaded that the charter of the corporation was extended by the action taken by the directors and the stockholders, and the answers show it to be a de jure corporation, with all its original powers. The defendant's construction of the statute is too technical and narrow to commend itself to our judgment.

 The contention that the defendant can only be made to deliver the books and papers to his successor in the office of secretary-manager is wholly without merit. The books and papers are the property of the corporation, and not of the secretary-manager.

But if it should be conceded that the action taken by the directors and stockholders for the renewal of the charter was abortive, the defendant would still be without right to withhold the books and papers from the directors.

Section 7069 of the Code provides:

"Corporations whose charters expire by limitation and which are dissolved by forfeiture or by any other cause, except by judicial decree, exist as bodies corporate for the term of five years after such dissolution, for the purpose of prosecuting or defending suits, settling their business, disposing of their property, and dividing their capital stock, but not for the purpose of continuing their business; and the directors shall be trustees thereof with full power to settle their affairs, collect their debts, sell and convey the property and divide the moneys and other property among the stockholders, after paying its debts; and may act under the by-laws of the corporation, prescribe the terms and conditions of the sales of the property of the corporation, sue for and recover the debts and property of the dissolved corporation, in the corporate name; and are jointly and severally liable to its creditors and stockholders to the extent of the property which may come into their hands."

It will be observed that by the quoted provisions of said section 7069, the corporations exist as bodies corporate for the term of five years after their charters expire by limitation of time, for the purpose of prosecuting or defending suits, settling their business, etc., and the directors are made statutory trustees of the properties of said corporations, charged with the duty, and given full power to settle the affairs, collect the debts, sell and convey the property, and divide the moneys and other property among the stockholders, after paying the debts.

In order to perform their statutory duties it is essential that the directors should have in their possession the books, papers, and other property of the corporation. The secretary-manager cannot withhold them from the directors upon the theory that his successor has not been elected or appointed, or that the corporation has ceased to exist.

After the court sustained the petitioner's demurrers to defendant's answers, he declined to plead further, and the court thereupon rendered judgment for petitioner, and directed the issuance of peremptory writ of mandamus to the defendant, in accordance with the prayer of the petition. In this action and ruling of the court there was no error. The judgment of the court in so ruling, will be and is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.