178 So. 435

**COHEN et al. v. PAVLIK.**

6 Div. 159.

Supreme Court of Alabama.

Jan. 20, 1938.

Crampton Harris, of Birmingham, for appellants.

Basil A. Wood, of Birmingham, for appellee.

KNIGHT, Justice.

John Pavlik, appellee here, filed his bill in the circuit court of Jefferson county, Ala., seeking a decree holding Cohen & Co., Inc., one of the respondents, answerable for an indebtedness alleged to be due and owing to complainant by the National Finance Company, another of the respondents; and also a decree adjudging that the individual respondents are "trustees of all and singular the assets of the said National Finance Company, a corporation, subsequent to its dissolution," and for an accounting of their trusteeship.

It appears from the bill that the said National Finance Company was organized under the laws of the state of Alabama, and had its principal place of business in Jefferson county, Ala.; and that on December 31, 1932, Julius H. Cohen, Louis Gold, and Bessie M. Cohen, the individual respondents, executed and filed in the probate office of Jefferson county, Ala., an instrument in writing, duly verified, averring that said named individuals were all the stockholders of the National Finance Company, and did by said instrument dissolve the said corporation.

It is further charged in the bill that on December 22, 1932, the said Julius H. Cohen, Louis Gold, and Bessie M. Cohen proceeded to organize, under the laws of Alabama, a new corporation under the name of Cohen & Co., Inc., "for the identical purposes as the National Finance Company, and whose principal place of business was in the identical offices and location of the National Finance Company, up to the time of the dissolution of the last named corporation."

It is also charged that the individual respondents, after the formation of the new corporation on December 22, 1932, did assign, transfer, or deliver to the new corporation all of the assets of the National Finance Company, and that since said date the said Cohen & Co. has claimed to own, and has been in the possession of all the assets of the said National Finance Company. The averments of the bill, with respect to said transfer or assignment, are set forth in the sixth paragraph of the

bill, and this paragraph appears in the report of the case.

It also appears from the bill that the said Julius H. Cohen, Louis Gold, and Bessie M. Cohen, constituted the board of directors of the said National Finance Company at the time of its dissolution.

It further appears that at the time of the dissolution of the corporation known as the National Finance Company, the said corporation was indebted to the complainant in a large sum of money, to wit, $15,500, and for which on September 5, 1935, complainant recovered a judgment in the circuit court of Jefferson county, Ala.; that upon this judgment execution had been duly issued, but which was returned by the sheriff of Jefferson county, "No property found."

To the bill as filed, the respondents filed a demurrer, assigning five grounds. This demurrer also appears in the report of the case.

We may concede, for the purpose of passing upon the demurrers as cast and addressed, that the averments of the bill are insufficient to show that the new corporation was a mere continuation of the old corporation; yet the court properly overruled the demurrers to the bill, being addressed, as they were, to the bill as a whole.

▆ When the National Finance Company was dissolved, the directors of that company, by force of section 7069 of the Code, became trustees to settle the corporate affairs, collect debts, sell and convey the property, and divide the money and property among the stockholders, after paying the debts of the corporation. To this duty the statute, section 7069 of the Code, binds the directors, and they cannot escape this statute-imposed duty without incurring personal liability. Pankey et al. v. Lippman et al., 187 Ala. 199, 65 So. 771, 772; Drennen v. Jenkins et al., 180 Ala. 261, 60 So. 856; Pearce v. Brilliant Coal Co., 200 Ala. 630, 77 So. 4; 48th Street Inv. Co. et al. v. Fairfield-American National Bank, 223 Ala. 44, 134 So. 803; Carns v. Filler, 218 Ala. 100, 117 So. 672.

▆ To the extent of the property which may have come into their hands, they are jointly and severally liable to the creditors and stockholders of the dissolved corporation. They must conserve and preserve the properties and assets of the corporation for the benefit of the statute-imposed trust. In the performance of their duties as such trustees they must exercise that reasonable care and prudence that is exacted of trustees ordinarily.

In the case of Pankey et al. v. Lippman et al., supra, it was observed:

"The legal effect of Code, § 3516—manifestly so intended by the lawmakers—is to constitute the property and rights of a corporation dissolved otherwise than by judicial decree a trust fund, with the directors as trustees, to effect the righteous purposes set down in the statute. One of these is to pay the obligations incurred, assumed, or imposed during the active life of the corporation. Given a creditor who may invoke the powers of a court of equity to declare, govern, and enforce rights and remedies attaching or affecting a trust estate or a trust function, a bill cannot be without equity that would invoke equity's authority to promote and effect the due and just administration of a trust thus established, for the purposes the statute (section 3516) plainly intends. As for property, the subject of the trust estate, the statute (section 3516) expressly provides:

"The trustees 'are jointly and severally liable to its creditors and stockholders to the extent of the property which may come into their hands.'"

▆ The bill's averments are sufficient to invoke the jurisdiction of a court of equity to declare the status of the directors as statutory trustees, and to fasten liability upon them as such, and also to require an accounting of their trusteeship.

▆ The demurrers were addressed to the bill as a whole, and, inasmuch as the bill in the aspect now discussed contained equity, and was not subject to any of the grounds of demurrer assigned, the court properly overruled the same. Wood et al. v. Estes, 224 Ala. 140, 139 So. 331; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A. L.R. 1413.

▆ Whether the new corporation, Cohen & Co., was in fact a mere continuation of the old corporation or not, if it purchased, or otherwise acquired, the assets of the National Finance Company, with knowledge or notice of a fraudulent purpose on the part of the stockholders and directors of the National Finance Corporation to defraud the creditors of the latter corporation, in so disposing of such assets, and the new corporation participated in such fraudulent scheme, then, in such

292

event, the said respondent Cohen & Co. would be liable to the creditors of National Finance Company for the fair and reasonable value of such assets, as trustee in invitum. Dickinson et al. v. National Bank of Republic, 98 Ala. 546, 14 So. 550.

We do not see how it can be contended that the said Cohen & Co. was not aware of the fraudulent scheme on the part of the directors and stockholders of the National Finance Company, in selling or conveying the assets of the latter company to the new company, when the same persons owned and operated both companies. But rules of good pleading, it would seem, require that the bill should aver knowledge or notice, on the part of the new company, of the fraudulent scheme, and the latter's participation therein.

The bill, however, in one of its aspects, contained equity, and the court properly overruled the demurrer thereto, as it was directed to the bill as a whole.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.