10 So.2d 5

### In re WELCH'S ESTATE.

### 6 Div. 996.

Supreme Court of Alabama.

Oct. 8, 1942.

340

Hugh A. Locke, of Birmingham, for appellants.

Huey, Welch & Stone, of Bessemer, for appellee.

BOULDIN, Justice.

Honorable W. S. Welch, of Bessemer, died intestate July 15, 1940. He left surviving his wife, Maud Buck Welch. His next of kin, and heirs at law, are collateral relatives.

A question arose between the widow and next of kin as to who should take certain property left by the decedent. The inquiry turns on whether the property is realty or personalty. If realty, it descended to the next of kin, subject to the widow's dower; if personalty, the widow took the whole under our statutes.

To determine this issue, Mrs. Welch, individually and as administratrix of the estate of decedent, filed her bill in equity. The appeal is from a decree overruling a demurrer to the bill as amended.

The property in question grew out of Mr. Welch's ownership of stock in Bessemer Home Building & Loan Association, organized under the laws of Alabama.

In 1937, the stockholders, desiring to discontinue the business, dissolve the corporation, wind up its affairs, and make distribution of its assets, caused all withdrawal stock of the corporation to be taken up and cancelled. To this end the association in April, 1937, borrowed $20,000, $11,000 from First National Bank of Bessemer, and $9,000 from Mr. Welch, both loans secured by mortgages on the properties of the association.

Withdrawal stock out of the way, left 500 shares of common or permanent stock of $50 each, of which Mr. Welch owned 331 shares.

Thereupon, on July 23, 1937, the corporation executed a deed of conveyance to George E. Rutledge and W. S. Welch, as trustees, both stockholders, a copy of which is exhibited to the bill. This document, omitting descriptions of properties, appears in the report of the case.

For present purposes we observe:

The instrument discloses a purpose on the part of the stockholders, eight in number, to dissolve the corporation, have its affairs wound up, and assets distributed by trustees of their own selection, in lieu of the directors, made trustees under our statute [Title 10, § 110, Code of 1940]; provided for appointment of a successor in case of the death of one of the trustees; defined, clarified, probably enlarged the powers and discretion of the trustees, as compared with the powers of statutory trustees; by apt words of conveyance, passed title to the grantees, as trustees, with power to hold, repair, improve, rent and collect income therefrom; to sell by lease sale contract or otherwise, and execute all contracts and conveyances as trustees; the purpose being to vest the trustees with full authority to deal with and handle the properties as if the owners thereof.

Touching disposal of proceeds, &c., the deed required the trustees to first pay off and discharge the mortgage indebtedness above mentioned.

We quote Par. (j): "As moneys are realized from said premises and property by way of collections of rents and on leases and sales or other incomes from said trust estate, the said Trustees are hereby directed and required to keep an accurate account thereof, and after deducting the necessary expenses of administering the trust and the payment of the carrying charges of said property, to distribute the same to said beneficiaries of said trust estate in proportion to their respective interests therein, as evidenced by the stock they respectively hold in said Bessemer Home Building & Loan Association, each of said beneficiaries shall own an interest in said trust estate proportionate to the stock held by him in the grantor."

And Par. (o): "This trust is to be wound up, said property disposed of and the proceeds disbursed or distributed to the beneficiaries within five years from the date hereof."

It may be noted this is the same period a corporation dissolved, other than by judicial decree, continues to exist as a body corporate for purposes of maintaining or defending suits, disposing of its properties and making distribution by the directors, as trustees. Title 10, § 110, Code of 1940.

Mr. Rutledge and Mr. Welch accepted the trust and proceeded to execute the same. The property conveyed consisted of some 36 parcels of real estate, numbered and described in the deed and some 10 real estate mortgages held by the Association.

During the lifetime of Mr. Welch the mortgage held by First National Bank of Bessemer was paid off, and after his death, but before the filing of the bill, the mortgage held by him was paid off.

The bill, in Section 4, sets out by numbers certain parcels of property sold and conveyed by the trustees during the lifetime of Mr. Welch, and not a part of the trust estate at the time of his death, certain parcels which had been sold under lease sale contracts during his lifetime and still a part of the trust estate, and a third list of parcels which had not been sold at the time of his death.

On this state of facts, was the beneficial interest of Mr. Welch in the trust estate personalty passing to his surviving wife up-on his death or was the same or any portion thereof real estate passing to his next of kin?

■■ Without debate his interest as a stockholder in the corporation while a going concern before dissolution was personal property. The ownership of real estate was in the corporation as a legal entity. The stockholder's interest, represented by his shares of stock, subject to prior claims of creditors, was in the nature of a chose in action. Title 10, § 30, Code of 1940; 18 C.J.S., Corporations, § 194(2) (4), pp. 622, 623.

The deed of trust, made in contemplation of dissolution, indeed as part of the dissolution proceedings, contains no terms indicating an intent that the interests of the beneficiaries shall be other than those of stockholders upon dissolution by unanimous resolution of the stockholders, resulting in the status defined by Title 10, § 110, Code of 1940. The primary purpose was to pass title to trustees of their own selection in lieu of statutory trustees, for the purpose of winding up the affairs of the corporation, realizing on the assets, paying debts, and making distribution among the beneficiaries as per their holdings of stock. As before suggested a wider discretion seems to have been given the trustees to the end of attaining the best results in the particular situation.

■ Paragraph j, supra, clearly looks to no dividend pending the execution of the trust, save from monies accumulated by the trustees in course of administering their trust. Mr. Welch died pending such administration, his place as trustee to be filled as stipulated, and further administration to proceed as if he still lived.

■ Paragraph o, we think, contemplates a final dividend of the "proceeds," just as partial dividends under (j). The trustees could not execute their trust as contemplated by conveying the real estate to stockholders, as beneficial owners and tenants in common. Unless by their own consent stockholders were not required to accept such conveyance in kind, but could take steps to have the trust executed in full. Equity does not permit a trust to fail for want of a trustee. We are not now thinking of the doctrine of equitable conversion, set up as a further ground for relief by complainant. We are thinking of "j" and "o" as part of the trust deed, importing a purpose to continue the status

of stockholders in a dissolved corporation, rather than a grant of land, as such, to beneficial owners.

 We conclude the trustees named in the deed of trust in lieu of directors, occupied the same status in relation to this property, to the dissolved corporation, and to the stockholders, as directors would have occupied had no trust deed been executed, and a dissolution had by unanimous action of the stockholders under Title 10, § 104, Code of 1940. This status is defined by Title 10, § 110, Code of 1940, which we quote: "Corporations whose charters expire by limitation and which are dissolved by forfeiture or by any other cause, except by judicial decree, exist as bodies corporate for the term of five years after such dissolution, for the purpose of prosecuting or defending suits, settling their business, disposing of their property, and dividing their capital stock, but not for the purpose of continuing their business; and the directors shall be trustees thereof with full power to settle their affairs, collect their debts, sell and convey the property and divide the moneys and other property among the stockholders, after paying its debts; and may act under the by-laws of the corporation, prescribe the terms and conditions of the sales of the property of the corporation, sue for and recover the debts and property of the dissolved corporation, in the corporate name; and are jointly and severally liable to its creditors and stockholders to the extent of the property which may come into their hands. On application to the circuit court or other court at the principal place of business of the corporation, such trustees may be continued for such length of time beyond such five years as may be necessary for the purpose of this section set forth."

This statute comes without change from the Act of 1903, a general revision of our laws on corporations. Acts of 1903, p. 310, § 53, p. 340.

Nelson v. Hubbard, 96 Ala. 238, 11 So. 428, 17 L.R.A. 375, dealt with a similar, but less inclusive, statute, quoted on pages 245, 246 of the opinion in 96 Ala., 11 So. 428, 17 L.R.A. 375. That case held the statute extending the life of a dissolved corporation, did not include dissolution by judicial decree. This holding was written into the present statute. The case discloses the common law concept of a corporation, and disposition of its properties on dissolution, obsolete and not recognized as the law of modern business corporations.

 Dealing with our present statute, a corporation dissolved, other than by judicial decree, exists as a body corporate for statutory period for the purposes named in the statutes. The directors are vested with title in the corporate properties, as trustees, with designated powers.

 There is ample authority for the view that a dissolution which puts an end to corporate existence in toto works a change in the property interests of stockholders and they become tenants in common of the property in proportion to their holdings of stock, subject to prior demands of creditors. 13 Am.Jur. pp. 1197, 1198, § 1352.

But under statutes like ours the corporation still exists, save as to continuance in corporate business, the relation of stockholders to the corporate property still persists, the title being in the trustees designated by statute to wind up its affairs and make distribution to the stockholders, after payment of debts. Hawkins, Probate Judge, v. Pure Oil Co., 232 Ala. 660, 169 So. 307; Rayburn v. Guntersville Realty Co., 228 Ala. 662, 154 So. 812, 93 A.L.R. 1055; Cohen v. Pavlik, 235 Ala. 289, 178 So. 435; 13 Am.Jur. p. 1201 et seq. §§ 1357–1359, §§ 1363–1365; 19 C.J.S., Corporations, § 1743, p. 1507 et seq.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.