27 So.2d 705

### SOUTHEASTERN CONST. CO. v. ROBBINS.

#### 4 Div. 433.

Supreme Court of Alabama.

Oct. 31, 1946.

London & Yancey, of Birmingham, for petitioner.

E. O. Baldwin, of Andalusia, opposed.

FOSTER, Justice.

The opinion of the Court of Appeals shows that prior to the occurrence alleged to be negligent, causing injury to plaintiff, the Southeastern Construction Company had within five years been dissolved as a

corporation by mutual consent of the stockholders, and that it did not then exist as a corporation except for the limited purposes provided in section 110, Title 10, Code. Under that statute it could be sued as a corporation. This suit is against it as a corporation. As such it may defend suits, settle its business, dispose of its property, divide its capital stock, but may not continue its business. Such limited corporate powers are to continue for five years only.

After dissolution under our statute, the directors are trustees with designated powers. Section 110, Title 10, supra; In re Welch's Estate, 243 Ala. 337, 10 So.2d 5; Rochell v. Oates, 241 Ala. 372, 2 So.2d 749; Cohen v. Pavlik, 235 Ala. 289, 178 So. 435; 48th St. Inv. Co. v. Fairfield-Amer. Nat. Bank, 223 Ala. 44, 134 So. 803.

They may, as we will show, incur a personal liability for the consequences of their negligence in performing the duties of such trusteeship, similar to that of other trustees, Cohen v. Pavlik, supra, but their negligence does not impose a liability on the corporation which had previously been dissolved under the statute unless it so contemplates. 19 Corpus Juris Secundum, Corporations, § 1732(b), p. 1495.

A suit cannot be maintained against a dissolved corporation (or a liability then incurred by it), unless by force of some statute it continues in existence to the extent of remaining thus liable. Nelson v. Hubbard, 96 Ala. 238, 11 So. 428, 17 L.R.A. 375.

Under section 110, Title 10, supra, the provision not only is that the corporation, though dissolved as there stated, exists as a body corporate for the purposes named, but that the directors shall be its trustees for such purposes, and may use the corporate name; and they "are jointly and severally liable to its creditors and stockholders to the extent of the property which may come into their hands."

Although the directors are trustees they shall perform and exercise their power for the purposes stated, in the name of the corporation. And if in settling its business, disposing of its property and dividing its capital stock, the directors so acting negligently cause an actionable tort to arise in favor of some third person, the corporation as thus continued should be held to be liable within the contemplation of section 110, supra. See Seavy v. I. X. L. Laundry Co., Nev., 108 P.2d 853. But if contrary to its terms, the corporation, acting by said directors, continues to prosecute its business as if there had been no dissolution, though acting in its corporate name, it would not be within the contemplation of section 110, supra, for its corporate existence is not continued for that purpose, and therefore a wrong done while so unlawfully acting would not create a corporate liability but it would be a personal liability against the persons so conducting its operations.

The rule fully recognized in this State is that such liability exists against the individual officer or agent, for which his principal may or may not be responsible. Elmore v. Fields, 153 Ala. 345, 45 So. 66, 127 Am.St.Rep. 31; Finnell v. Pitts, 222 Ala. 290, 132 So. 2; Mayer v. Thompson-Hutchison Bldg. Co., 104 Ala. 611, 16 So. 620, 28 L.R.A. 433, 53 Am.St.Rep. 88; Wright v. McCord, 205 Ala. 122, 88 So. 150; Sloss-Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. 511, 165 So. 764, 109 A.L. R. 385.

The general rule is that when a corporation is engaged in business not authorized by its charter powers, it is nevertheless liable for torts committed by its agents who are authorized by it to transact the business being done when the tort was committed. 14-A Corpus Juris 769, section 2831; 19 Corpus Juris Secundum, Corporations, § 1262, p. 948.

But to have application the corporation must as a corporate act be engaged in the ultra vires business, and authorize its agents so to act. If so, the agents render a liability against the corporation though the corporation was engaged in the ultra vires business. So that the two essentials to hold the corporation in damages for torts done by its agents are (1) that the corporation authorized the business to be

done, and (2) that the agents committing the tort in doing the business were authorized by the corporation to engage in that business, though it had no lawful right thus to do. Central R. & Banking Co. v. Smith, 76 Ala. 572, 52 Am.Rep. 353; South & N. R. Co. v. Chappell, 61 Ala. 527, 530; First National Bank of Decatur v. Henry, 159 Ala. 367 (9 and 10), 377, 49 So. 97.

■ When directors of a dissolved corporation as trustees are undertaking to discharge their duty under section 110, supra, it is the performance of statutory authority. If they are continuing the corporate business in violation of their right and duty and in violation of the power of the corporation under section 110, supra, they are not acting in the line of their authority, neither is the corporation as such engaged in ultra vires business. Central R. & Banking Co. v. Smith, supra.

It is upon the basis of that argument that we stated, supra, that if the directors in the corporate name continue its ordinary business after its dissolution, the directors individually, are liable for torts committed by them in doing so, but the corporation is not liable, for it cannot be said that the corporation was actually engaged in such unauthorized business by reason of the unauthorized conduct of the directors in thus doing.

Upon that theory the liability of the corporation which is sued here as such, depends upon whether for it the directors were engaged in and about the occasion of the accident in the business of prosecuting or defending suits, settling its business, disposing of its property, dividing its capital stock or collecting its debts, or selling and conveying its property. If so engaged, the corporation as such, was transacting authorized corporate business, and would be liable for the torts of its directors, or their agents in the line and scope of their employment, also thus engaged, though they did so in a negligent or other wrongful way to the injury and damage of another.

■ The Court of Appeals states the issues of fact without reference to the nature of business then being conducted; in substance, that if the proof shows that the truck belonged to defendant, a presumption would arise that it was being operated by an agent of defendant in the line and scope of his authority. We think the principle thus relied on would extend the presumption with respect to a truck owned by a corporation thus dissolved within five years prior thereto, so as to include the further presumption that it was being operated for some purpose not in violation of section 110, supra.

The opinion of the Court of Appeals notes no evidence tending to show an absence of authority of the agent operating the truck, but shows that there was evidence that the truck belonged to defendant, the corporation, and on the other hand that there was evidence that the truck belonged to a partnership using the same name as that of the corporation. There was evidence noted by the Court of Appeals that the Southeastern Construction Company (whether as a corporation or partnership is not stated) had a fleet of trucks which operated through Andalusia, and on that night the vehicle in question was refueled in Andalusia "at a filling station and the gas was charged to defendant by the identification of a courtesy card; that the bill for the gas was later paid by the company to whom it was charged; that the defendant's name was printed on the cab of the truck * * * that he (filling station operator) had serviced the defendant's trucks and the vehicle in question was owned by the defendant." (The defendant is alleged in the complaint to be a corporation.)

From such evidence, the Court of Appeals in effect found that the jury could draw the conclusion either that the truck was owned by the defendant corporation at that time, or by a partnership of the same name.

■ We think the evidence as recited by the Court of Appeals supports that court in so holding. We cannot go to the record to see whether the evidence justifies the recitals in the opinion of the Court of Appeals as to the nature of the

evidence. From that status, it results that if the jury should find that at the time of the accident, the truck was owned by defendant as a corporation, they should then indulge the presumption that it was being operated by the directors of the dissolved corporation for a purpose for which they were authorized to use it to fulfill their duty and authority under section 110, supra, since there was no evidence that rebuts that presumption, though there was a conflict in the evidence as to the ownership of the truck. We think therefore that the Court of Appeals properly held that the affirmative charge was denied to appellant without error. No other question is argued on this review.

The petition for writ of certiorari is denied.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.