SHORES, Justice.
Edward H. Creel, Jr., appeals from a decree appointing the Central Baptist Church as successor trustee of the Keith/Central Baptist Church Cemetery and the grant of a permanent injunction barring Creel from interfering with the operation of the cemetery. We affirm.
The Central Baptist Church was organized in 1852 and acquired title to an acre of land near Argo, Alabama, on which the church was established, from Lemuel Keith on November 20, 1852. Since that time, the church has continued to grow and prosper.
On November 16, 1898, Jefferson Keith and his wife, V.E. Keith, by deed to James A. Glenn and A.M. Keith, dedicated property to be used as a public cemetery. This cemetery is separated from the church property by Highway 11. This property had been used for a number of years as a cemetery site prior to the formal dedication of the land for use as a public cemetery. The earliest tombstone markers date as far .back as May 1860. Since the 1930’s, the church and its members have maintained the cemetery through a cemetery committee established solely for that purpose.
The present litigation arose after Creel buried his mother in the cemetery without first contacting the cemetery committee for approval of the burial site or the payment of the $250 burial fee. He further refused to abide by any of the rules and regulations of the cemetery committee. Creel claimed he and the other heirs of James A. Glenn and A.M. Keith are the proper trustees of the cemetery, and he took possession of it and placed “no trespassing” signs at the cemetery fence. The church filed suit against the appellant, Creel, seeking injunc-tive relief and $5,000 punitive damages for the trespass of the appellant and his interference with the operation of the cemetery by the church cemetery committee. Creel counterclaimed, seeking to be named as trustee of the cemetery and to be given the authority to oversee the maintenance of the cemetery’s perpetual care fund. In his counterclaim, the appellant claimed title to the cemetery lands, based on the fact that he is a descendant of the original trustees of the cemetery. He also claimed title to the church property, based on the activation of a reversionary clause contained in the original deed to the church. Various amendments were made to both the complaint and the counterclaim, and the church sought a preliminary injunction prohibiting Creel from interfering or harrassing the *1352 church in the operation of the cemetery. The preliminary injunction was granted, and a guardian ad litem was appointed to represent the unknown heirs and devisees of James A. Glenn, deceased, and A.M. Keith, deceased.
Following a trial on the merits at which voluminous testimony was taken, the trial judge entered a decree appointing the Central Baptist Church as successor trustee of the cemetery. The findings of the trial court in support of the decree are as follows:
“The Court finds that a formal dedication of the cemetery occurred on November 16, 1898, when the owner of the real estate, Jefferson Keith, conveyed the same to James A. Glenn and A.M. Keith and to their successors, to have and to hold, for a public burial ground, said deed being recorded in Volume 329, page 102 in the Probate Office of Jefferson County, Alabama. The Court concludes that by virtue of the foregoing instrument, the tract of land became dedicated as a public cemetery and that the named grantees were the original trustees thereof. The Court further finds that numerous burials occurred in the cemetery down through the years, including several descendants of A.M. Keith. The deed dedicating the cemetery contained no provision for successor trustees and none were officially designated or appointed. After the death of A.M. Keith, the evidence was that the cemetery gradually deteriorated and in the late 1920’s or early 1930s, certain members of the plaintiff church formed a committee and took on the task of taking care of the cemetery, finally culminating in a more formal cemetery committee being formed, which in effect became a de fac-to trustee of the cemetery. The Court concludes that the church Cemetery Committee performed such duties and responsibilities as a de facto trustee for many years. In recent years, the church Cemetery Committee began a drive to collect funds to create an endowment fund for the perpetual care of the cemetery and had on hand at the time of the trial in a segregated account over $16,-000.00. In the year 1973, plaintiff church had formally filed a proceeding in this Circuit Court, case number 178-333, against certain defendants and heirs and devisees of Jefferson Keith, Deceased, resulting in a final decree rendered granting the church the sole right, authority and control of the operation, supervision and maintenance of the cemetery, said Decree being dated December 6, 1973.”
The trial judge permanently enjoined Creel from interfering with the church in carrying out its duties as trustee of the cemetery. He also denied the relief sought by Creel in his counterclaim and denied his claim to the church property. The trial judge declared that the reversionary clauses in the original deed and a subsequent deed in 1965 were effectively removed by a corrective deed executed in 1966 by the heirs of Lemuel Keith.
Creel appeals from the final judgment. There is apparently no dispute as to the ownership of the church property. The only question before us pertains to the appointment of the church as successor trustee of the cemetery.
The appellant’s only claim to the cemetery property is that he is one of the descendants of the original trustees of the cemetery, and, therefore, that the interest of those original trustees should have passed to him by will or inheritance. He contends that the use of the words “their successors” in the 1898 deed established the right of the original grantees’ heirs to act as trustees of the cemetery. The granting clause of the 1898 deed is as follows: “[Ujnto the said James A. Glenn and A.M. Keith and to their Successors .... ” The habendum clause states: “To have and to hold to the said James A. Glenn and A.M. Keith for a public burial ground....”
*1353 Creel’s argument is not the rule in Alabama. Under § 35-4-258, Ala. Code 1975, on the death of a surviving trustee of an express trust, the trust estate does not descend to that trustee’s heirs. The fee, on the death of all the trustees of an express trust, is in abeyance until new trustees are appointed, though at common law the fee is never in abeyance and descends to the trustee’s heirs. Lecroix v. Malone, 157 Ala. 434, 47 So. 725 (1908).
The 1898 deed dedicated, in trust, the property to be used as a public cemetery, and we agree with the trial court that the original grantees were the original trustees of the cemetery. The deed contained no provision for successor trustees, and none were officially appointed. The trial judge was correct in holding that for many years the church, through its cemetery committee, had acted as a de facto trustee and had consistently performed the duties of a trustee.
A trust will not be allowed to fail for the lack of a trustee. In re Welch’s Estate, 243 Ala. 337, 10 So.2d 5 (1942); Tilley v. Letcher, 203 Ala. 277, 82 So. 527 (1919). Sections 19-3-250 and 19-3-251, Ala.Code 1975, give circuit courts in Alabama the power to appoint a successor trustee when a vacancy arises, and the trust instrument does not provide a method for appointing a successor trustee. The trial judge in the present case acted in keeping with this statutory authority by appointing a successor trustee for the Keith/Central Baptist Church Cemetery.
We also agree with the trial judge’s selection of a successor trustee. For almost fifty years, the Central Baptist Church has acted in the capacity of a de facto trustee of the cemetery. It was logical that the entity responsible for the cemetery’s present well-kept state be the one selected to continue to oversee the property’s maintenance.
The trial testimony was presented ore tenus. There is a presumption of correctness in the trial court’s findings in any case presented ore tenus. We will not disturb those findings unless they are palpably wrong, without supporting evidence, or manifestly unjust. Skinner v. Florence, 439 So.2d 118 (Ala.1983); Chaffin v. Hall, 439 So.2d 67 (Ala.1983). We find that the trial court’s findings were supported by the evidence and reflected the court’s consideration of all the evidence and testimony prior to reaching its decision.
Therefore, the judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.